PEOPLE *v.* MARKS.

1. CRIMINAL LAW—INDICTMENT AND INFORMATION—ELECTION OF COUNTS.

   Although election between counts may not be required on the ground that distinct offenses are charged, where they are committed by the same acts, at the same time, and the same testimony must be relied on for conviction, the rule is otherwise where offenses may have been committed by different acts on different days and cannot be shown by same evidence.

2. SAME—CRUELTY TO CHILDREN—ELECTION OF COUNTS.

   In prosecution for cruelty to children under 3 Comp. Laws 1929, § 12820, where information in language of statute contained three counts alleging three different offenses which could not be shown by same evidence, trial court was in error in refusing to require prosecutor to elect on which count he would proceed.

Error to Calhoun; Hatch (Blaine W.), J. Submitted April 16, 1931. (Docket No. 150, Calendar No. 35,297.)   Decided October 5, 1931.

Ida Marks was convicted of cruelty to children. Reversed.

*Frank A. Kulp* and *Howard W. Cavanagh* (*Walter P. North,* of counsel), for appellant.

*Paul W. Voorhies,* Attorney General, *Wm. J. Kearney,* Prosecuting Attorney, and *Horace M. Mechem,* Assistant Prosecuting Attorney, for the people.

McDONALD, J. The defendant was convicted on an information based on 3 Comp. Laws 1915, § 15230 (3 Comp. Laws 1929, § 12820), entitled "An act to provide a penalty for cruelty to children." The information charges in the language of the statute that Ida Marks—

"She being the person under whose protection a certain child, to wit, Lillian Zanger, then was, did torture, cruelly and unlawfully punish and did wilfully, unlawfully and negligently deprive of necessary food, clothing and shelter, and did habitually cause and permit her health to be injured by exposure, want and other injury, to wit, broken bones and head injuries to her person, to the said Lillian Zanger, she being a child of tender years, to wit, of the age of about five years, etc."

On the trial the jury returned a general verdict of guilty as charged; whereupon the court imposed a sentence of imprisonment for a period of not less than two and one-half years and not more than five years. In her appeal, the defendant urges as the principal ground for reversal that the court erred in refusing to require the prosecuting attorney to elect which of the offenses charged in the information should be submitted to the jury.

The statute disjunctively enumerates three dis-
tinct offenses. All are charged in the information
conjunctively in a single count as constituting the
general offense of cruelty to the child in question. In
some circumstances this would be proper pleading
and the prosecuting attorney would not be required
to elect on which offense he would go to the jury.
The general rule is stated in *State* v. *Schweiter*, 27
Kan. 499, as follows:

"The rule is well settled, that where the statute
makes either of two or more distinct acts connected
with the same general offense, and subject to the
same measure and kind of punishment, indictable
separately and as distinct crimes, when each shall
have been committed by different persons, and at
different times, they may, when committed by the
same person and at the same time, be coupled in
one count as constituting altogether but one offense.
In such cases, the several acts are construed as so
many steps or stages in the same affair, and the
offender may be informed against as for one com-
bined act in violation of the law, and proof of either
of the acts mentioned in the statute and set forth
in the information will sustain a conviction."

This rule was quoted with approval by our court
in *People* v. *Keefer*, 97 Mich. 15, and, if applicable
to the instant case, refusal to compel the prosecut-
ing attorney to elect was not error.

In other cases we have held:

"Election between counts cannot be required on
the ground that distinct offenses are charged, where
they are committed by the same acts, at the same
time, and the same testimony must be relied on for
conviction." *People* v. *Warner*, 201 Mich. 547.

"Separate and distinct offenses, committed on
different days, cannot be alleged in the same com-

plaint and warrant. They may be charged in different counts in the information, but the prosecutor must elect on which count he will proceed." *Tiedke* v. *City of Saginaw,* 43 Mich. 64 (syllabus).

See, also, *People* v. *Czckay,* 218 Mich. 660; *People* v. *Allen,* 252 Mich. 553.

In the instant case, the three offenses charged in the information did not arise out of the same transaction; they were not committed at the same time. They are separate, inconsistent, and distinct offenses, related only in that each constitutes cruelty to children for which the statute provides a penalty. The first, torturing and cruelly punishing, must be alleged and proven as of a certain date; the other two are continuous in their nature and consist of various acts covering a period of time. They cannot be shown by the same evidence. For these reasons, the rule which permits the prosecution to go to the jury without election on an information charging a combination of distinct acts or offenses in a single count, "as so many steps or stages in the same affair" does not apply.

Under the charge of the court, the general verdict rendered by the jury was a conviction on all of the three offenses, which, if they had been separately charged, would have constituted separate offenses. If torturing and cruelly punishing had been separately charged, evidence as to any of the other acts would not have been permitted. It would have been incompetent. In refusing to compel an election, the court allowed the jury to consider evidence as to each offense, which would not have been competent if separately charged. By this method of procedure, the prosecution was able to evade one of the most elementary rules of evidence. It was unfair and prejudicial to defendant's rights.

We find no other reversible error. The judgment of conviction is reversed, and a new trial ordered.

WIEST, CLARK, POTTER, and SHARPE, JJ., concurred with McDONALD, J.

BUTZEL, C. J. I concur on the question of election.

FEAD, J., concurred with BUTZEL, C. J. NORTH, J., did not sit.