PEOPLE *v.* REECE.

1. CRIMINAL LAW—ARMED ROBBERY—LESSER INCLUDED OFFENSES—
   JURY INSTRUCTIONS—PREJUDICIAL EMPHASIS.

   Overemphasis of instructions to jury with respect to armed
   robbery, and insufficient or confusing instruction given on
   lesser included offenses, *held,* to be error requiring reversal of
   conviction of armed robbery and remand for a new trial (CLS
   1961, § 750.529).

2. SAME—INSTRUCTIONS TO JURY—DUTY OF TRIAL JUDGE.

   Duty of trial judge, without any request from counsel, is to
   see to it that a case goes to the jury in a clear and intelligent
   manner, so that jurors may have a clear and correct under-
   standing of what it is they are to decide, and the judge
   should state to the jury fully the law applicable to the
   facts, especially in a criminal case (CL 1948, § 768.29).

Appeal from Recorder's Court of Detroit; Bren-
nan (Vincent J.), J. Submitted Division 1 June 8,
1967, at Detroit. (Docket No. 1,044.) Decided De-
cember 6, 1967. Rehearing denied January 15, 1968.
Leave to appeal denied April 3, 1968. See 380 Mich
763.

Herbert D. Reece was convicted of robbery armed.
Defendant appeals. Reversed, and remanded for
new trial.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 813; 53 Am Jur, Trial § 802.
[2] 53 Am Jur, Trial § 511.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*John F. Mayer,* for defendant.

FITZGERALD, P. J.   Defendant was charged with robbery armed,* pled not guilty, and at trial was represented by counsel.   Evidence was adduced disclosing that defendant approached complainant in a dark park, seized him, and demanded money, which was given at knife point.   The complainant was able to escape and summoned aid from the police, accompanying them to aid in the search. The defendant was apprehended in the immediate vicinity of the incident with the same denomination of coins as taken from complainant, and a knife in his pocket.   Defense counsel attempted to show that defendant was not the one involved, that his knife was open in his pocket for self-protection and, in general, his client was not guilty.

After lengthy instructions from the judge on the elements of armed robbery and 4 lesser included offenses, which were given at the completion of argument and then again in response to a juror's question, the jury returned a verdict of guilty of armed robbery.

Defendant raises one unique argument on appeal. He contends the instructions individually were correct, but read as a whole were prejudicial.   He argues that too much emphasis was placed on the instruction on the elements of armed robbery and not enough time devoted to the elements of the lesser included offenses.   Further, he claims the

---

* CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).

fact that a juror had to ask for additional clarification on a point indicates the original instructions were confusing.

The statute, CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052), requires, "The court shall instruct the jury as to the law applicable to the case." The duty of the trial judge is further defined in *People v. Murray* (1888), 72 Mich 10 at 16:

"Without any requests from counsel it is the duty of the circuit judge to see to it that the case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and he should state to them fully the law applicable to the facts. Especially is this his duty in a criminal case."

A review of the record persuades us that there is merit to defendant's contention that armed robbery was overemphasized and insufficient or confusing instruction given on lesser included offenses. While we do not find the affirmative exclusion of lesser offenses as found in *People v. Jones* (1935), 273 Mich 430, we are constrained to hold that the instructions were such that a fair consideration of lesser included offenses was not likely. The overpowering effect of the instructions on robbery armed negated instructions on lesser included offenses.

Judgment of conviction reversed and the cause remanded for a new trial.

KAVANAGH and LEVIN, JJ., concurred.