## PEOPLE *v.* VIDA.

1. CRIMINAL LAW—INTENT—SIMILAR ACTS.
   Like acts or other acts of the defendant which may tend to
   show his motive or intent in doing the criminal act charged
   may be shown, in any criminal case in which the motive or
   intent of a defendant in doing an act is material, whether
   they are contemporaneous with or prior or subsequent to the
   act in question (CL 1948, § 768.27).

2. SAME—JURY.
   Trial court's direction to jury to retire to the jury room, select
   a foreman, and attempt to arrive at a verdict *held,* not error
   in prosecution for obtaining money under false pretenses (CLS
   1961, § 750.218).

3. SAME—FALSE PRETENSES—INDUCEMENT.
   Question put to prosecution witness, whether he would have ac-
   cepted statements made to him by defendant had he known that
   defendant had approached others with requests to buy their
   automobiles as a present for his wife, was not objectionable
   as allowing witness to speculate as to what his state of mind
   would be, but instead was proper as establishing that witness
   was induced by defendant's statements to part with his auto-
   mobile in return for defendant's check (CLS 1961, § 750.218).

4. SAME—SENTENCE—MITTIMUS—REMAND.
   Defendant convicted of obtaining personal property of a value
   of more than $100 by false pretense is entitled to remand
   to circuit court for elimination of discrepancy between judge's
   sentence of 7-1/2 to 15 years without recommendation and

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 324–326.
[2] 53 Am Jur, Trial § 76 *et seq.*
[3] 32 Am Jur 2d, False Pretenses § 49 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 976.

mittimus prepared by clerk of court stating that defendant was to serve "not less than 7–1/2 years" in order to remove any doubt as to effect of such a discrepancy upon the exercise of independent judgment by parole board (CLS 1961, § 750-.218).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Watts and Quinn, JJ., affirming Recorder's Court of Detroit, Ricca (John A.), J. Submitted December 4, 1968. (Calendar No. 24, Docket No. 51,439.) Decided April 9, 1969.

2 Mich App 409, affirmed.

Ernest J. Vida was convicted of obtaining personal property of a value of more than $100 by false pretenses. Affirmed by Court of Appeals. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Gregory M. Pillon,* for defendant.

KELLY, J. Ernest J. Vida was convicted in the recorder's court of Detroit of obtaining personal property of a value of more than $100 by false pretenses in violation of CLS 1961, § 750.218 (Stat Ann 1962 Rev § 28.415), and was sentenced on March 5, 1964, to State Prison of Southern Michigan for a period of not less than 7–1/2 nor more than 10 years. The Court of Appeals affirmed the conviction and sentence. *People v. Vida* (1966), 2 Mich App 409.

To prove intent,[1] the State produced three witnesses, in addition to complainant Melbourne P. King, and all four testified that they advertised their automobiles for sale in a Detroit newspaper and, responding to said advertisements, defendant visited them at their respective Detroit residences. The visit to the Price and Smith residences occurred on Saturday, February 2, 1963, and the King and Hayes visits were made on the following day, Sunday, February 3, 1963.

All four of these witnesses stated that they gave defendant the titles and keys to their automobiles and that defendant gave to them checks (totalling for the four over $10,000), having the name, address and telephone number of the "Annis Real Estate and Tax Service,"[2] and that none of the checks was honored because of insufficient funds.

Plaintiff introduced proof that on January 24, 1963, defendant, using the name of Annis, rented a vacant store in the city of Pontiac, Michigan, under the name of "Annis Real Estate and Tax Office." The agreed rental was $85 per month, but the defendant made a deposit of only $25. The owner never saw him again after making said deposit until the date of trial.

Plaintiff also introduced proof that on January 26, 1963, a checking account in the name of "Annis Real Estate and Tax Service" was opened, with

---

[1] CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050).

[2] A certificate of the commissioner of the Corporation & Securities Commission was introduced certifying that no license had ever been issued to George Annis or Annis Real Estate & Tax Service to engage in real estate business.

CL 1948, § 451.201 (Stat Ann 1964 Rev § 19.791), states: "It shall be unlawful for any person, firm, partnership, association, co-partnership or corporation, whether operating under an assumed name or otherwise, from and after January first, 1920, to engage in the business or capacity, either directly or indirectly, of a real estate broker or real estate salesman within this State without first obtaining a license under the provisions of this act."

an opening amount of $50, against which a check for $20 was drawn on February 2, 1963.

The record does not sustain defendant's claim that "the trial judge by taking over the questioning of witnesses in several instances, so destroy[ed] his neutral image as to prejudice the defendant before the jury," or the claim that the trial judge committed reversible error in instructing the jury.

Defendant's claim that "the court err[ed] in telling the jury to retire to the jury room, select a foreman, and attempt to arrive at a verdict," is without merit.

The court, over objection, permitted the following questions to be asked and answers given by complainant King:

"*Q.* Now, I will ask you again, Lieutenant, if on February the 3d  *  *  *  at the time that Mr. Annis purchased your car, he disclosed to you that at approximately 8 p.m. on Saturday, February the 2d, he had purchased a 1962 Buick 4-door hardtop as a present for his wife?
"*A.* Definitely no.  *  *  *
"*Q.* Did he disclose to you that on Saturday, February the 2d at some time after 8 p.m., he had purchased from Mr. Frank G. Smith, a 1962 Ford T-bird as a present for his wife?
"*A.* No, sir, he did not.  *  *  *
"*Q.* Had you known of these two facts at the time of the negotiations with Mr. Annis, would you have accepted the statements he made with relation to himself in other regard?
"*A.* No."

Defendant claims this constituted error because:

"The jury must determine if the defendant defrauded the complainant, and by the trial court actions the complainant is allowed to speculate as to what his state of mind would have been, and

thereby concretely establishing the fraud in the mind of the jury. A defendant cannot be and should not be convicted on speculation and conjecture."

Defendant was not convicted "on speculation and conjecture," and a review of the record sustains the Court of Appeals' finding that (p 412):

"The record clearly indicates that defendant Vida falsely represented himself as George Annis, that he was in the real estate business, and that the automobile was being purchased for his wife.

"The record also indicates that the complainant believed and relied on the defendant's false pretenses and was induced to give up possession of his automobile."

The only remaining question to consider is defendant's claim on oral and written argument that "Judge Ricca sentenced him to 7-1/2 to 15 years with no recommendation," but that the clerk of the court provided in the mittimus "that he was to serve *not less* than 7-1/2 years," and that "the Michigan department of corrections and the Michigan State department of pardons and paroles are, by reason of the illegal directions in said 'mittimus,' denied and deprived of their lawful and discretionary powers and prohibited from exercising their independent judgments as to the minimum amount of time to be served by defendant."

The assistant prosecuting attorney, during oral argument, admitted "there is a difference between what the court said and what the clerk typed on the mittimus," and admitted that he did not know whether the clerk's error would affect defendant's rights before the parole board.

To remove all doubt, we are remanding for the sole purpose of allowing the trial court to eliminate

all discrepancies and clearly establish for the prison records the reason for taking such action.

Conviction affirmed.

T. E. BRENNAN, C. J., and DETHMERS, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., took no part in the decision of this case.