PEOPLE *v.* LEVY

1. CRIMINAL LAW—CRUELTY TO CHILDREN—EVIDENCE—PHOTOGRAPHS.
   Admission of photographs showing the extent of the bruises
   on a beaten child's body at defendant's trial for cruelty to
   children was not error even though there was no direct tes-
   timony that defendant beat the child where the photographs
   were graphic supporting evidence of medical testimony that
   the bruises resulted from a beating.

2. CRIMINAL LAW—SELF-INCRIMINATION—DEFENDANT TESTIFYING—
   PROSECUTOR'S COMMENT.
   Allowing prosecuting attorney to state, during closing argument,
   that the defendant had failed to prove by direct testimony
   what he said he would prove in his opening statement, was
   not reversible error, if error at all, as an indirect comment on
   defendant's failure to testify where the trial judge properly
   instructed the jury on the defendant's failure to take the stand.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—BASIC ISSUES—APPEAL
   AND ERROR.
   Failure to instruct the jury, except on a basic issue, is not a
   ground for setting aside a verdict unless the defendant re-
   quested the instruction not given (MCLA § 768.29).

Appeal from Oakland, Clark J. Adams, J.   Sub-
mitted Division 2 November 13, 1970, at Lansing.
(Docket No. 8,802.)   Decided December 2, 1970.
Leave to appeal denied January 22, 1971.   384 Mich
801.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 790.
[2] 53 Am Jur, Trial § 470 *et seq.*
[3] 53 Am Jur, Trial § 513 *et seq.*

Jeffrey Scott Levy was convicted of cruelty to children. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*Lemberg, Gage & Brukoff,* for defendant.

Before: QUINN, P. J., and DANHOF and CARROLL,* JJ.

QUINN, P. J. Defendant was tried before a jury on a charge of cruelty to children,[1] and he was convicted and sentenced. His appeal raises five issues.

The child involved was the three-year-old son of Betty Louise Moseley, a twenty-year-old divorcee. Defendant was Mrs. Moseley's boyfriend, and he lived with her and the child at the time of the events leading up to this prosecution. During that same period, Mrs. Moseley worked nights as a waitress at Trainor's Tavern. May 16, 1969, when Mrs. Moseley went to work, she left her child with defendant. Later that night, the child was taken to the hospital with his body covered by bruises.

That same day, on the complaint of a police officer, a warrant issued for the arrest of defendant on the charge that "On or about May 13, 1969, defendant was then and there a person under whose protection a child, to wit: Charles B. Moseley, III, was, and did cruelly or unlawfully punish said child". The information charged defendant in identical language. By amendment, the date of the offense charged in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA § 750.136 (Stat Ann 1962 Rev § 28.331).

the information was changed to "On or about the thirteenth day of May to the sixteenth day of May".

Defendant's first contention on appeal is that the time averment in the amended information is not sufficiently particular to inform him of the offense with which he was charged, and thus, he could not negate one element of the offense. In support of his position that the information must aver the time of the offense with particularity, defendant cites *People* v. *Loomis* (1910), 161 Mich 651, and *People* v. *Marks* (1931), 255 Mich 271. We find both cases to be inapposite; the information in *Loomis* charged a continuous offense extending over five and one-half months. The information in *Marks* charged three offenses in one count, two of which were of a continuous nature.

MCLA § 767.45 (Stat Ann 1954 Rev § 28.985) provides:

"The indictment or information shall contain:

"1. The nature of the offense stated in language which will fairly apprise the accused and the court of the offense charged;

"2. The time of the offense as near as may be but no variance as to time shall be fatal unless time is of the essence of the offense".

MCLA § 767.51 (Stat Ann 1954 Rev § 28.991) provides:

"Except insofar as time is an element of the offense charged, any allegation of the time of the commission of the offense, whether stated absolutely or under a videlicet, shall be sufficient to sustain proof of the charge at any time before or after the date or dates alleged, prior to the finding of the indictment or the filing of the complaint and within the period of limitations provided by law: Provided, That the court may on motion require the prosecution to state the time or identify the occasion as

nearly as the circumstances will permit, to enable the accused to meet the charge".

If defendant was dissatisfied with the time averment in the amended information, he should have sought relief in the trial court by motion as provided in MCLA § 767.51, *supra*.

Over objection, the trial court admitted four black-and-white photographs of the child in evidence. These photographs portrayed the extent of the bruises on the boy's body. There was no direct testimony that defendant punished this child. The photographs were graphic supporting evidence of the medical testimony that the bruises were the result of a beating. The admission of the photos was not error. *People* v. *Freeman* (1965), 1 Mich App 63.

In closing argument, the prosecuting attorney stated that defendant had failed to prove by direct testimony what he stated he would prove in his opening statement. Defendant claims this is error as an indirect comment on defendant's failure to testify. The trial judge instructed the jury properly on defendant's failure to testify. If this comment was error, it was not reversible error. *People* v. *Hider* (1968), 12 Mich App 526.

At the close of the trial court's instructions to the jury, defendant objected because his theory was not given. Defendant had submitted no requested instruction on his theory and he now claims reversible error because the trial court failed to so instruct.

Except on a basic issue, the failure to instruct is not ground for setting aside a verdict unless defendant requested the instruction that was not given. MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052). The requested instruction should be in writing and submitted at or before the close of evidence, GCR 1963, 516.1. Absent a showing of miscarriage of justice,

the error asserted here is not the basis for setting aside the verdict, MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096), nor is this error properly before this Court for review. *Hunt* v. *Deming* (1965), 375 Mich 581. (Also see comments 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 567 and p 93 of the 1969 Cum Supp of the same volume.)

We have reviewed the trial court record and we are not persuaded that the verdict was against the great weight of the evidence.

Affirmed.

All concurred.