## PEOPLE v. BURNETTE

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION—OBJECTION.

   Defendant's failure to object to jury instructions regarding unlawful solicitation of charitable contributions without a license precludes defendant from asserting error as to the adequacy of those instructions on basic issues of law raised by the information, unless the record discloses such a miscarriage of justice as to require a reversal.

2. FALSE PRETENSES — ELEMENTS OF CRIME — FUTURE ACT — MISREPRESENTATION.

   False pretenses may be based upon a promise to act in the future coupled with misrepresentations of past and existing facts as inducements for the delivery of money (MCLA § 750.218).

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—AIDING AND ABETTING.

   A jury instruction regarding aiding and abetting was not necessary where defendant, charged with unlawfully soliciting charitable contributions without a license, was the originator of the scheme, set up the entire charitable organization, developed the "pitch sheet" to be used in telephone solicitations, received the monies, and in general was the main force behind the activities of the various enterprises in question.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 891.
[2] 32 Am Jur 2d, False Pretenses § 12 et seq.
[3] 53 Am Jur, Trial § 647.
[4] 17 Am Jur 2d, Continuance §§ 3, 4.
[5] 21 Am Jur 2d, Criminal Law § 349 et seq.
[6] 29 Am Jur 2d, Evidence §§ 412, 416.
[7] 21 Am Jur 2d, Criminal Law §§ 328, 333, 344.

4. CONTINUANCE—DISCRETION—CRIMINAL LAW—CO-CONSPIRATORS—PLEA OF GUILTY.

The granting of a continuance is within the discretion of the trial judge and there was no abuse of discretion in refusal to grant a continuance because one of defendant's co-conspirators had entered a plea of guilty on the morning of their trial for unlawful solicitation of charitable contributions without a license.

5. CONSTITUTIONAL LAW—EVIDENCE—SELF-INCRIMINATION.

Testimony by a state trooper regarding defendant's answers to questions asked by that trooper at a civic organization meeting the evening before defendant's arrest was admissible and not within the protection of the Fifth Amendment of the United States Constitution, since the defendant was free to come and go, his activities had not been circumscribed by police custody, and he had voluntarily attended and spoken at the meeting.

6. SEARCHES AND SEIZURES—WARRANT—VALIDITY—SUPPRESSION—OBJECTION.

Documents seized upon the defendant's premises with a valid search warrant were admissible into evidence where the defendant made no motion to suppress evidence nor a timely objection to the admission of those documents charged to have been improperly seized under the warrant.

7. CRIMINAL LAW—TRIAL—STATEMENTS BY JUDGE—MISCARRIAGE OF JUSTICE.

Statement by trial judge that criminal defendant had waived the production of numerous witnesses indorsed on the information because their testimony would be cumulative was no error considering that the trial judge did not make the remark until after 37 witnesses had testified.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 June 3, 1969, at Lansing. (Docket No. 5,071.) Decided October 1, 1969. Leave to appeal denied May 20, 1970. See 383 Mich 784.

Walter R. Burnette was convicted of unlawfully soliciting charitable contributions without a license and of obtaining money under false pretenses. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edwin M. Bladen,* Assistant Deputy Attorney General, and *George N. Parris,* Prosecuting Attorney, for the people.

*William A. Gentz,* for defendant.

Before: LESINSKI, C. J., and DANHOF and QUINN, JJ.

DANHOF, J. The defendant was convicted by a jury of unlawfully soliciting charitable contributions without a license, contrary to MCLA §§ 400.301, 400.303 (Stat Ann 1968 Rev §§ 16.71, 16.73), and on a second count of obtaining money in excess of $100 under false pretenses, contrary to MCLA § 750.218 (Stat Ann 1962 Rev § 28.415). Defendant appeals his conviction alleging several errors committed during the trial.

Defendant first alleges as error the failure of the trial judge adequately to instruct the jury on the basic issues of law raised by the information, and further, specifically, in instructing the jury that a promise made to perform a future act could constitute a false pretense within the meaning of the statute. The record discloses that the defendant did not object to the instructions given by the trial court as provided by GCR 1963, 516.2, and in fact affirmatively stated that he was satisfied with the charge as given. Accordingly, this Court will not reverse unless the error complained of has resulted in a miscarriage of justice. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096); *People v. Keiswetter* (1967), 7 Mich App 334, *leave to appeal denied* 379 Mich 791. From our examination of the record we cannot conclude that there has been such a miscarriage of justice as to require reversal on the basis

of instructions given.  *People* v. *Liggett* (1967), 378 Mich 706.

Defendant complains particularly about the instructions given by the trial court on the issue of false pretense.  The instruction given was:

"A false pretense, within the meaning of the statute, has been defined as a representation of some present existing fact or circumstance, intended and calculated to mislead, which is not true and which actually does deceive and induces persons deceived to part with something of value by reason thereof.

"However, there is an exception to this definition. When the representation is a promise to do something in the future, such as is alleged in this case, to use money for crippled children, or use money for the production of a show or entertainment, or the publishing of an educational safety booklet containing advertisements of persons contributing, without a present intention to perform this promise, then there is fraud."

Defendant alleges that this instruction constitutes error because it in effect provides that a "promise without the present intent to perform" constitutes false pretenses.  We disagree.  The first paragraph of the questioned instruction defines "false pretenses" without any reference to inclusion of a promise to act in the future.  The theory of the prosecution was that the defendant could be guilty of false pretenses based upon a promise to act in the future *coupled with misrepresentations of past and existing facts* as inducements for the delivery of the money.  *Accord, People* v. *Vida* (1966), 2 Mich App 409, *affirmed* 381 Mich 595.  The record amply supports conviction under this theory.  On the record made herein, a jury properly could convict defendant of obtaining money under false pretenses because of his misrepresentations of *past and existing facts.*

Defendant, however, questions the second paragraph of the instructions, claiming improper a charge to the jury which defines "false pretenses" to include a promise to act in the future without a present intention to perform. Without reaching the merits of whether false pretenses include promises to act in the future, we reject defendant's interpretation of the second paragraph. We do not find the second paragraph to state, as defendant contends, that "false pretenses" include promises to act in the future without a present intent to perform. The second paragraph defines "fraud", and not "false pretenses". This paragraph excepts fraud from the definition of false pretenses, fraud being there defined to include an act to be done in the future without a present intent to perform. The jury charge defined "fraud" properly. 37 Am Jur 2d, Fraud and Deceit, § 64, p 98. The defendant was not convicted of fraud. Therefore, the jury instruction of the second paragraph which excepted fraud from the definition of "false pretenses" did not result in prejudicial error to defendant under the circumstances of the instant case.

Defendant claims that the trial court should have instructed the jury on the question of aiding and abetting. Defendant contends that he could not properly be found guilty except under such an instruction as he did not make all of the solicitations personally. We find this contention to be without merit. The record discloses that the defendant was the originator of the ideas, set up the entire organization, developed the "pitch sheet" to be used in the telephone solicitations, received the monies, and in general was the main force behind the activities of the various enterprises in question. Representations made by the employees of the defendant or co-conspirators were properly received as evidence

against the defendant. *People* v. *Bagwell* (1940), 295 Mich 412. This evidence supports the finding of defendant's guilt as a principal under the facts of this case.

Defendant next claims error in a statement made by the trial judge that the defendant had waived the production of numerous witnesses that had been indorsed on the information, because their testimony would only be cumulative. The exact statement complained about is as follows:

"There is one other matter, and that relates to the witnesses that were indorsed on the information, and it's my understanding that there were some 80 witnesses indorsed on the information. It's my understanding that counsel have discussed this matter, and that an agreement was reached by counsel for the defendant, that the remaining witnesses would be either cumulative—

*"Mr. Bladen:* That's correct, your Honor.

*"The Court:* And would not need be produced, is that correct?

*"Mr. Gordon (defense counsel):* That's correct.

*"The Court:* Very well. All right. We will adjourn now till Tuesday morning."

Defendant claims prejudicial error and cites as authority *People* v. *Ruggero* (1923), 223 Mich 368.

Defendant did not object to this procedure at the time of trial. Under the circumstances of this case the alleged error is not a ground for reversal unless we find after examination that it has resulted in a miscarriage of justice, CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096). The record of this case will not support such a finding. Unlike *Ruggero, supra,* in which the state rested its case upon the sole testimony of one child, the record discloses that some 37 witnesses had appeared in this matter. See also *People* v. *Keiswetter, supra.* While it is unfortunate

that the trial judge made the statement, we doubt
that after 37 witnesses it can be said that the remark
of the trial judge resulted in a miscarriage of
justice.

Defendant next claims error in the refusal of the
trial court to grant a continuance because one of
the co-conspirators entered a plea of guilty on the
morning of the trial. The granting of a continu-
ance is within the sound discretion of the trial
judge. GCR 1963, 503.1; *People* v. *Stoeckl* (1956),
347 Mich 1. Our examination of the record fails
to prove that this discretion has been abused.

At the trial a state trooper was allowed to testify
as to statements made by the defendant pursuant
to questions asked by the trooper on the evening
before his arrest when the trooper was at a meeting
of a civic organization and did not properly identify
himself as a police officer. No objection was made
to this testimony at the time of trial. On appeal
defendant asserts this to be error. Also, defendant
relies on *Miranda* v. *Arizona* (1966), 384 US 436
(86 S Ct 1602, 16 L Ed 2d 694) and *Escobedo* v.
*Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed
2d 977) in support of the position that this testi-
mony was improperly allowed. The defendant's
reliance on these cases is misplaced. Unlike the
defendants in *Miranda* and *Escobedo, supra,* the
defendant was free to come and go, and his activ-
ities had not been so circumscribed by police cus-
tody. Defendant voluntarily attended and spoke at
the meeting of the civic organization. The admis-
sion into evidence of testimony regarding the state-
ments is not barred by the protection of the Fifth
Amendment of the United States Constitution.

Defendant also complains that error was com-
mitted in allowing into evidence certain documents
which were seized upon the premises of the defend-

ant on a search warrant validly issued by a magistrate. The record discloses that the defendant failed to make timely objection to the admission into evidence of the documents charged to be improperly seized under the warrant. No motion was made to suppress the evidence. *People* v. *Ferguson* (1965), 376 Mich 90; *People* v. *Wilson* (1967), 8 Mich App 651.

The defendant makes numerous other allegations concerning rulings of the trial judge during the trial. He charges that these rulings were so prejudicial as to deny the defendant a fair and an impartial trial. These objections relate to the rulings of the trial judge regarding the examination of witnesses, the proposed use of a transcript because of the unavailability of a witness, which upon objection by the defense counsel was denied by the trial judge, the declaring of a prosecution witness to be hostile, and the allowance of cross-examination by the prosecution. From our examination of the record we do not believe that either jointly or severally these resulted in a miscarriage of justice so as to require reversal. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

Affirmed.

All concurred.