PEOPLE v BATES

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—REINSTRUCTION—OVEREMPHASIS—LESSER INCLUDED OFFENSES.

Twice rereading instructions to a jury in a criminal trial in response to the jury's request for reinstruction did not constitute impermissible overemphasis and was not reversibly prejudicial where on both occasions all possible verdicts including all lesser included offenses were explained.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENDANT'S THEORY—DUTY OF COURT—PRESERVING QUESTION.

A trial court is obligated to present to a jury in a criminal trial the defendant's theory of the case if a proper request is made and supported by competent testimony; however, a defendant cannot complain that the failure to give a charge was error where the defendant made no request to charge concerning his theory.

3. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—CROSS-EXAMINATION—HOSTILE WITNESSES—JUDGE'S REMARKS.

A trial court's characterization of a defendant's girlfriend, who was called by the prosecution as a res gestae witness, as "hostile" was not necessary in order to allow the prosecution to cross-examine her, but was not reversibly prejudicial where it told the jury no more than was already obvious from the witness's testimony and her relationship with the defendant (MCLA 767.40).

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—SEQUENCE OF DELIBERATION—PRESERVING QUESTION.

A trial court's instruction that a jury should deliberate initially

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 512 *et seq.*
[2] 53 Am Jur, Trial §§ 511, 513, 514.
    5 Am Jur 2d, Appeal and Error § 623.
[3] 53 Am Jur, Trial §§ 81, 82.
    58 Am Jur, Witnesses § 718.
[4] 53 Am Jur, Trial §§ 286, 796–802.
    5 Am Jur 2d, Appeal and Error § 623.

on the major charge, then weigh the lesser included offenses, and finally consider an acquittal did not impose a requirement of unanimous agreement at each stage of the jury's deliberation, but merely indicated a logical method whereby the various possible verdicts would be considered in an orderly sequence, and was not reversibly erroneous where no objection was made at trial.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 June 24, 1974, at Detroit. (Docket No. 17873.) Decided August 14, 1974.

James E. Bates was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

DANHOF, J. Defendant was tried before a jury on a charge of assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279. He was convicted of the lesser included offense of felonious assault, MCLA 750.82; MSA 28.277. He was sentenced to serve 4 years probation, to spend 90 days in jail, and to pay $200 in court costs. He appeals, and we affirm.

The charge stemmed from an altercation between the defendant and a complaining witness, the owner of a combination bar and hotel in which defendant rented a room. In the early morning

* Circuit judge, sitting on the Court of Appeals by assignment.

hours of August 27, 1972, complainant encountered the defendant and his girlfriend in the hall on the hotel's second floor. The complainant had previously told the defendant that women were not to be brought to his room. A discussion of the girlfriend's presence degenerated into a physical struggle. The complainant fared the worse in the battle; he testified later that he was "stomped".

During a lull in the fight, the complainant was able to make his way to the first floor where the bar was operated. Defendant overtook him and administered another beating, this time with the blunt end of a pool cue. After gathering his belongings, defendant and his girlfriend left the building.

At trial it was established that complainant had suffered serious lacerations and bruises, but no concussion or fractures. Defendant's girlfriend was called as the only res gestae witness. Defendant also took the stand. He testified that the complainant started the fight, and that he beat him with the pool cue when he went to the bar where he believed that the complainant may have had a gun.

Two issues are raised by the defendant before this Court. First, he argues that the trial court's instruction to the jury, while not necessarily incorrect, was nevertheless reversibly erroneous because it de-emphasized the lesser included offenses thereby detracting from the defendant's theory, not raised at trial, that two fights took place. According to this argument, defendant might have been guilty of an assault and battery in the original struggle on the second floor of the hotel, but he may have been acting in justifiable self-defense when he used the pool cue. Separate examination of both parts of this issue reveals the unsoundness of the defendant's position.

In support of his contention that the trial court's instruction underemphasized the lesser included offenses, defendant relies primarily upon *People v Reece,* 9 Mich App 108; 155 NW2d 870 (1967), *leave to appeal denied,* 380 Mich 763 (1968). The relevance of that case is weakened to a large extent by the fact that the defendant in *Reece* was convicted of the greater offense while the defendant here was convicted of a lesser included offense. Here, the trial court's instruction did not so obscure the lesser offenses that the jury could not give them meaningful consideration.

A reading of the jury instructions in their entirety reveals no improper emphasis. The record does disclose that defendant's trial counsel objected to what he believed to be the trial court's overemphasis of the felonious assault instruction. The jury was immediately recalled and cautioned that the trial court did not intend to stress any of the possible verdicts. Counsel had indicated that this was his only objection to the instruction; he expressed no dissatisfaction at the conclusion of the cautionary instruction.

The jury experienced some difficulty in arriving at a verdict. They deliberated for an entire day during which time they twice requested that the instruction be reread. On both occasions, all possible verdicts including all lesser included offenses were explained. Since this repetition occurred in response to the jury's request for reinstruction, it did not constitute impermissible overemphasis and it was not reversibly prejudicial. *People v McGuire,* 39 Mich App 308, 320; 197 NW2d 469, 476 (1972), *leave to appeal denied,* 387 Mich 810 (1972).

The second part of this issue is the defendant's argument that the trial court erred by treating the affray as a single occurrence, even though no

contrary suggestion was advanced at trial. Defendant claims that the trial court should have instructed the jury *sua sponte* on this theory of the case. A trial court is obligated to present to the jury the defendant's theory of the case, but this duty arises "if a proper request is made and supported by competent testimony". *People v Bonello,* 25 Mich App 600, 602; 181 NW2d 652, 654 (1970). Defendant made no request to charge concerning this theory; he cannot now complain that the failure to give such a charge was error. *People v Levy,* 28 Mich App 339, 342–343; 184 NW2d 325, 327 (1970), *leave to appeal denied,* 384 Mich 801 (1971).

Defendant also objects on appeal to the trial court's characterization of the defendant's girlfriend as a "hostile" witness when she was called by the prosecution. Since she was called as a res gestae witness pursuant to the statute, MCLA 767.40; MSA 28.980, it was not necessary that she be ruled hostile in order to allow the prosecution to cross-examine her. Nevertheless, the trial court's remark was not reversibly prejudicial. It told the jury no more than was already obvious from the witness's testimony and her relationship with the defendant. Neither the trial court's remark, nor the prosecutor's subsequent brief reference to it during his closing statement were objected to by defendant's counsel. The trial court's comments on the nature of the witness's testimony clearly did not result in a miscarriage of justice, hence reversal is not required. *People v Burnette,* 19 Mich App 336, 343; 172 NW2d 453, 456 (1969); *People v Parker,* 50 Mich App 537, 540; 213 NW2d 576, 578 (1973). Any possible prejudice created by the prosecutor's comment could have easily been corrected by a curative instruction which the de-

fense neglected to invite by timely objection. *People v Pacely,* 51 Mich App 67; 214 NW2d 561 (1974).

On oral argument, the contention was raised that the trial court's instruction to the jury was reversibly erroneous under the holding in *People v Ray,* 43 Mich App 45, 49; 204 NW2d 38, 40 (1972). The instruction in *Ray* which was held to have been "coercive, unduly restrictive and reversible" required the jury to reach "unanimous agreement on defendant's innocence of the greater charge before they could consider the lesser charges".

The trial court in the present case indicated that the jury should deliberate initially on the major charge, then weigh the lesser included offenses, and finally consider an acquittal. This instruction did not impose a requirement of unanimous agreement at each stage of the jury's deliberation. The trial court merely indicated a logical method whereby the various possible verdicts would be considered in an orderly sequence. This instruction, to which no objection was made at trial, is not reversibly erroneous. *People v James,* 51 Mich App 777, 786; 216 NW2d 473, 478 (1974).

Affirmed.

All concurred.