PEOPLE v AMES

1. CRIMINAL LAW—VERDICTS—INCONSISTENT VERDICTS—RATIONAL BA-
SIS.

Inconsistent criminal verdicts mandate reversal of a conviction if
the inconsistency cannot be explained on a rational basis.

2. CRIMINAL LAW—VERDICTS—INCONSISTENT VERDICTS—NEGLIGENT
HOMICIDE—FELONIOUS DRIVING.

Jury verdicts finding a defendant guilty of negligent homicide
and felonious driving are not reversibly inconsistent where it
can be deduced that the jury determined that the defendant
had a culpable state of mind which fit the requirements of both
applicable statutes, thus forming a rational basis for explaining
an alleged inconsistency (MCLA 750.324, 752.191).

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
FENSES.

A trial court, in its instructions to the jury, did not overempha-
size the offense with which a defendant was charged to such a
degree as to preclude a fair consideration of the lesser included
offenses where there was no voluminous repetition of instruc-
tions on the charged offense, and the court read to the jury the
statute defining the lesser included offenses.

4. CRIMINAL LAW—EVIDENCE—SILENCE OF DEFENDANT—PURPOSE OF
TESTIMONY.

Testimony regarding a defendant's silence following her arrest,
elicited for the purpose of showing her inebriated condition and
not for the purpose of showing her guilt because of her silence,
is admissible.

5. CRIMINAL LAW—EVIDENCE—PREJUDICE.

Testimony elicited by a prosecutor regarding a defendant's drink-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 76 Am Jur 2d, Trial §§ 1155–1162.
[3] 75 Am Jur 2d, Trial § 882.
[4] 29 Am Jur 2d, Evidence § 278.
[5] 29 Am Jur 2d, Evidence §§ 244, 249 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 545.
[7] 75 Am Jur 2d, Trial § 146.

ing habits and lifestyle is not prejudicial where the defendant on direct examination testified to both subjects.

6. APPEAL AND ERROR—EVIDENCE—PRESERVING QUESTION.

Appellate review of an issue on the admission of allegedly prejudicial testimony is precluded, absent a miscarriage of justice, where no objection to the testimony was made at trial.

7. WITNESSES—CRIMINAL LAW—REBUTTAL WITNESSES—JUDGE'S DISCRETION.

It is within a trial court's discretion to allow a prosecutor to call rebuttal witnesses.

Appeal from Delta, Bernard H. Davidson, J. Submitted Division 3 February 5, 1975, at Grand Rapids. (Docket No. 19230.) Decided April 7, 1975.

Rose Marie Ames was convicted of negligent homicide and felonious driving. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General and *Tony I. Marcinkewciz,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Howard C. Marderosian,* Special Assistant Attorney General, of counsel), for the people.

*Marc L. Goldman,* Assistant State Appellate Defender, for the defendant.

Before: BRONSON, P. J., and M. F. CAVANAGH and D. F. WALSH, JJ.

M. F. CAVANAGH, J. In the early morning hours of July 17, 1973, the defendant, driving her automobile, collided with a motorcycle. The driver of the motorcycle was injured and his passenger was killed. Defendant was charged with involuntary

manslaughter, MCLA 750.321; MSA 28.553, and felonious driving, MCLA 752.191; MSA 28.661.

At trial in Delta County Circuit Court, a jury returned a verdict of guilty to the charges of negligent homicide, MCLA 750.324; MSA 28.556, and felonious driving. Defendant was sentenced to concurrent prison terms of one to two years for each count. She now appeals as of right and raises six instances of error.

Defendant first contends that the jury's verdicts of negligent homicide and felonious driving are wholly inconsistent because these offenses require different degrees of culpability.

Although the rule in many jurisdictions in this country is apparently that inconsistent verdicts need not result in reversible error, in Michigan if the inconsistency cannot be explained on a rational basis reversal is mandated. *People v Widgren,* 53 Mich App 375; 220 NW2d 130 (1974), *People v Phillips,* 43 Mich App 581; 204 NW2d 250 (1972), *cf. Dunn v United States,* 284 US 390; 52 S Ct 189; 76 L Ed 356 (1932).

The statute defining negligent homicide, MCLA 750.324; MSA 28.556, reads as follows:

"Any person who, by the operation of any vehicle upon any highway or upon any other property, public or private, at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years or by a fine of not more than $2,000.00, or by both such fine and imprisonment."

The felonious driving statute, MCLA 752.191; MSA 28.661, reads:

"Every person who drives any vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and thereby injuring so as to cripple any person, but not causing death, shall be guilty of the offense of felonious driving and upon conviction thereof shall be sentenced to pay a fine not exceeding one thousand dollars or to imprisonment in the state prison not exceeding two years or by both fine and imprisonment in the discretion of the court."

Defendant contends that the former statute requires a *mens rea* of negligence only whereas the latter requires recklessness or willfulness and wantonness. However, this argument ignores the fact that one may be guilty of felonious driving by operating a motor vehicle "without due caution and circumspection and at a speed or in a manner so as to endanger * * * any person * * * ". It is not necessary to equate this *mens rea* with that of negligence. What can be deduced, however, and we so hold, is that the jury determined that the defendant had a culpable state of mind which fit both statutes. Because there is a rational basis for explaining an "inconsistency", we conclude there is no error.

Defendant next argues that the trial court gave undue weight to the charged offenses thus obscuring the lesser included offenses. The trial court, of course, has a duty to instruct the jury as to the law applicable to the case. MCLA 768.29; MSA 28.1052. And it has been held that a trial court may err reversibly in overemphasizing the charged offense to such a degree as to preclude a fair consideration of the lesser included offenses. *People v Reece,* 9 Mich App 108; 155 NW2d 870 (1967).

However, we find the trial court record to be closer to that in *People v McGuire,* 39 Mich App 308; 197 NW2d 469 (1972), where *Reece* was distinguished. Unlike *Reece,* we do not find the voluminous repetition of instructions on the charged offense. The trial court, in the case at bar, read the statute defining the lesser included offenses. See also *People v Bates,* 55 Mich App 1; 222 NW2d 6 (1974).

Defendant's third argument is that erroneous testimony was admitted concerning the exercise of her constitutional right to remain silent following her arrest. A review of the record, however, discloses that the testimony to which defendant refers was elicited for the purpose of showing defendant's inebriated condition, not for the purpose of showing her guilt because of her silence. In any event, the testimony was harmless error beyond a reasonable doubt. See *People v Kremko,* 52 Mich App 565; 218 NW2d 112 (1974).

Fourth, defendant contends that the prosecutor repeatedly elicited prejudicial testimony as to defendant's drinking habits and life style. This contention is rejected for several reasons. First, defendant herself on direct examination testified as to both of these subjects and thus cannot now claim prejudice. See *People v Wright,* 41 Mich App 518; 200 NW2d 362 (1972). Second, no objection was made and, absent a miscarriage of justice, appellate review is precluded. *People v Duncan,* 55 Mich App 403; 222 NW2d 261 (1974). Finally, the error, if any, was harmless. MCLA 767.76; MSA 28.1016.

Defendant's fifth assignment of error is the trial court's permission to the prosecutor to call certain rebuttal witnesses. We note that the scope of our review is limited to determining whether the trial

court has committed a clear abuse of discretion. *People v Utter,* 217 Mich 74; 185 NW 830 (1921). We find none here. The testimony to which defendant alludes is not from a res gestae witness under the parameters set by *People v Kayne,* 268 Mich 186; 255 NW 758 (1934). The testimony was either merely cumulative or tended to contradict defendant's own testimony. See *People v DeLano,* 318 Mich 557, 570; 28 NW2d 909 (1947); *cert den* 334 US 818; 68 S Ct 1082; 92 L Ed 1748 (1948).

Finally, defendant argues that the trial court erroneously instructed the jury on the issue of reasonable doubt.

The trial court instructed the jury on reasonable doubt, in part, as follows:

"Reasonable doubt means just what the words say, a doubt based upon reason and common sense. It is not an imaginary or captious or possible doubt, but it must be a doubt based upon reason and common sense. It is not a doubt growing out of or having its origin in something outside the evidence nor is it a doubt based upon a desire to acquit from your sympathy, prejudice or favor."

Defendant relies on *People v Davies,* 34 Mich App 19, 23; 190 NW2d 694 (1971), which held the following instruction to be erroneous:

" 'A reasonable doubt then is not a possible doubt but a fair doubt, a doubt based on reason and common sense. It is a doubt growing out of the evidence. It,— here is the key of it, it grows out of the evidence, not outside the evidence, or lack of evidence or the unsatisfactory nature of the evidence and it is such a doubt that after you have heard it all you cannot say that I have an abiding conviction to a moral certainty of the defendant's [guilt].' "

The error in *Davies* was charging the jury that a reasonable doubt could not be based upon a lack of evidence or upon the unsatisfactory nature of the evidence. No such instruction was given in this case and hence there is no error.

A review of the record fails to disclose any reversible error in the trial court proceedings.

Affirmed.