PEOPLE v SUMMERS

1. CRIMINAL LAW—INTOXICATION—SPECIFIC INTENT.

Intoxication cannot be equated with lack of specific intent in a trial for assault with intent to rob while armed because one may be drunk and still entertain a specific intent to deprive another of his property, just as a sober defendant may be found not to have such an intention.

2. CRIMINAL LAW—INTOXICATION—CRIMINAL INTENT—EVIDENCE— TRIER OF FACT.

The question of whether a defendant was so intoxicated that he did not formulate the necessary criminal intent in an armed robbery trial is a question of degree, even if the jury is compelled to accept defendant's evidence as true.

3. ROBBERY—CRIMINAL INTENT—ACTIONS AND STATEMENTS.

A jury is free to infer criminal intent from a defendant's actions and from his statement to a robbery victim, "I want your money".

4. CRIMINAL LAW—INTOXICATION—EVIDENCE—TRIER OF FACT.

A jury is free to disbelieve in its entirety evidence of a defendant's intoxication.

5. CRIMINAL LAW—GREATER AND LESSER CHARGES—JURY AGREEMENT —COERCION.

The requirement of unanimous jury agreement on a defendant's innocence of a greater charge before discussion of a lesser charge is permitted is coercive, unduly restrictive and results in reversible error.

6. CRIMINAL LAW—GREATER AND LESSER CHARGES—INSTRUCTIONS TO JURY—SEQUENCE OF DELIBERATION.

An instruction on lesser included offenses is not erroneous where

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 107, 108.
[3] 67 Am Jur 2d, Robbery § 57.
[4] 21 Am Jur 2d, Criminal Law § 53.
[5] 75 Am Jur 2d, Trial § 884.
[6] 75 Am Jur 2d, Trial §§ 420, 837.

it merely dictates the sequence in which a jury should consider charges against a defendant and does not impose the requirement of unanimous agreement as to guilt or innocence on the principal charge before they are allowed to consider lesser charges.

Appeal from Oakland, Robert L. Templin, J. Submitted November 4, 1976, at Lansing. (Docket No. 26072.) Decided January 17, 1977.

Leslie D. Summers was convicted of assault with intent to rob while armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *David A. Potts,* Assistant Appellate Counsel, for the people.

*Alvin & Schwartz,* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

PER CURIAM. The defendant was convicted by a circuit court jury of assault with intent to rob while armed, in violation of MCLA 750.89; MSA 28.284. He was sentenced to a term of 10 to 30 years imprisonment and appeals as of right.

Defendant raises two issues on appeal, the first of which challenges the sufficiency of the evidence to convict him. At trial, several defense witnesses testified that on the day of the robbery in question the defendant was, or based on the quantity of liquor and drugs consumed, should have been, thoroughly intoxicated. This testimony was not directly rebutted by the people's evidence. Thus, defendant contends, the jury could not have con-

cluded that he entertained the requisite specific intent at the time of the robbery. This argument is unpersuasive in two respects. First, the defendant erroneously equates intoxication with lack of specific intent. One may be drunk and still entertain specific intent to deprive another of his property, just as a sober defendant may be found not to have such an intention. The defendant would have us impose the capacity standard, so thoroughly refuted since *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), in reverse. This we decline to do. Even if the jury were compelled to accept the defendant's evidence as true, the question must still be one of degree: Was the defendant so intoxicated that he did not formulate the criminal intent?

The defendant also neglects to recognize that evidence that he did harbor the required intent was presented. The jury was free to infer intent from both the defendant's actions and his statement to the victim that "I want your money". Furthermore, the jury was free to disbelieve in its entirety evidence of defendant's intoxication, as it is with any evidence presented. *People v Fuller,* 395 Mich 451, 453; 236 NW2d 58 (1975).

Defendant next contends that in his charge to the jury the trial court delivered a coercive instruction with respect to consideration of lesser included charges, of the type condemned in *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972).[1] The

---

[1] The portion of the charge objected to was:

"Now, I think this is the first jury case in which all of you have ever served. It may be helpful to say a word about your verdict. Of course, in a criminal case such as this in Michigan the verdict must be unanimous, all 12 of you must agree as one and a verdict is announced by the foreman of the jury, so when you retire I think it might be best first as an order of business to pick your own foreman. There are, as I stated, four possible verdicts in this case. First, of course, you must consider the primary charge of assault with intent to rob while armed, decide whether the Defendant is guilty of that or

specific instruction found objectionable in *Ray* was in substance, "Well you have to either keep voting on the first charge until you either all find him not guilty, or all find him guilty". This Court concluded "[T]he requirement of unanimous agreement on the defendant's innocence of the greater charge before discussion of the lesser charges is permitted is coercive, unduly restrictive and reversible". *People v Ray, supra,* 50. Since *Ray,* several similar charges have been examined by this Court and found not erroneous. In each case, the objected-to instruction merely dictated the sequence in which the jury should consider the charges against the defendant, but did not impose upon the jurors the requirement of unanimous agreement as to guilt or innocence on the principal charge before they would be allowed to consider lesser charges. *People v Bates,* 55 Mich App 1, 6; 222 NW2d 6 (1974). *People v James,* 51 Mich App 777, 786; 216 NW2d 473 (1974), *lv den* 391 Mich 755 (1974). *People v Robert Hall,* 56 Mich App 10, 17; 223 NW2d 340 (1974). In *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976), the Supreme Court examined the following instruction:

"In instructing the jury the judge said:

not guilty. *If you find him not guilty* of that charge, consider the included offense of attempted armed robbery, and *if you find that he is not guilty of that,* then you must consider the second included offense of felonious assault. If you find the Defendant not guilty of that, the Defendant is not guilty, but you must consider in order these three charges, the primary offense of assault with intent to commit robbery while armed. If you find him guilty of that, you need not consider the other included offenses, just that one offense.

"I hope that is clear, I will go over it again·so it sticks in your mind. First consider the primary charge of assault with intent to commit robbery while armed. *If you find him not guilty of that,* then consider the first included offense of attempted armed robbery. *If you find him not guilty of that,* consider the second included offense of felonious assault. If he is not guilty of that, he is not guilty. I hope that is clear." (Emphasis supplied.)

" 'If you find either of the defendants not guilty of the charge of manslaughter then you should proceed to determine whether that defendant not guilty of the crime of manslaughter is guilty of the crime of assault and battery.'

"We agree with Hurst that this instruction improperly interfered with the jury's deliberations by requiring agreement of all twelve jurors to acquit the accused of the charged offense before considering a lesser offense.

"Under the judge's instruction, even if the jurors were 11 to 1 for acquittal and a significant number of jurors desired to discuss the possibility of convicting the defendant of a lesser offense, consideration of a lesser offense could not begin unless the one juror holding out for conviction were dissuaded from that view.

"The instruction is unrealistic and improper." *People v Hurst, supra,* 10.

We find that by first stating that a verdict requires unanimity, then requiring a finding of not guilty on the principal charge before allowing deliberation on lesser charges the trial court unduly coerced the jury in the manner objected to in *Hurst* and *Ray, supra.* The charge cannot, under such circumstances, be considered merely a direction of the proper sequence of deliberation.

Reversed and remanded.