PEOPLE v RAY

1. CRIMINAL LAW—VERDICT—ERRONEOUS STATEMENT OF CHARGE.

> A jury verdict finding the defendant guilty of "attempted armed assault" when the crime charged was "assault with intent to rob being armed" did not constitute reversible error where the misstatement appears to have been an error on the part of the jury foreman and where the verdict was clarified by a subsequent poll of the jurors.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—SUPPLEMENTAL INSTRUCTIONS—LESSER INCLUDED OFFENSE.

> A trial court's supplemental instruction to a jury requiring unanimous agreement by the jury on a defendant's innocence of the greater crime charged before discussion of lesser included offenses is coercive and unduly restrictive and constitutes reversible error.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted Division 1 May 5, 1972, at Detroit. (Docket No. 12187.) Decided September 27, 1972.

Tommy L. Ray was convicted of assault with intent to rob being armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 813, 948.

Before: V. J. Brennan, P. J., and McGregor and Bronson, JJ.

V. J. Brennan, P. J. Defendant was charged with assault with intent to rob being armed (MCLA 750.89; MSA 28.284) and was convicted of that charge by a jury in Detroit Recorder's Court. He was sentenced to a term in prison of 10 to 20 years, and now appeals as of right.

At defendant's trial, the prosecution introduced testimony which tended to establish that the defendant was one of three men, who, while armed with hand guns, attempted to rob a small grocery market in the City of Detroit. The robbery was foiled by the owner of the store, and the three men were apprehended. The defendant, who took the stand in his own behalf, maintained that he was an innocent bystander to the entire sequence of events, and was mistakenly taken into custody.

On appeal, the defendant raises four allegations of error. His first allegation is that the verdict of the jury should be declared void and set aside because it named an offense not known to the law of this state. The incident on which defendant bases this argument appears in the transcript as follows:

"*The Clerk:* Members of the jury, have you agreed upon a verdict? And, if so, who shall speak for you?

"*Juror No. 1:* I am.

"*The Clerk:* And what is your verdict?

"*Juror No. 1:* We have reached a verdict.

"*The Clerk:* And what is your verdict?

"*Juror No. 1:* Guilty on the first count.

"*The Court:* All right.

"*Juror No. 1: Attempted armed assault, was it?* [Emphasis added.]

"*The Court:* All right, guilty of the first count.

*"The Clerk:* Members of the jury, do you say upon your oaths that you find the defendant, Tommy Lee Ray, guilty of assault with intent to rob being armed; so say you, Mr. Foreman, so say you all, members of the jury?

*"The Jurors:* Yes.

*"The Court:* All right, do you want the jury polled, Mr. LaDuke?

*"Mr. LaDuke [defense counsel]:* If you please, sir.

*"The Court:* All right, poll the jury.

*(The jurors were polled by the court clerk.)*

As the transcript indicates, the apparent misstatement *(supra,* emphasized) may merely have been an error on the part of the foreman, and, furthermore, the verdict of the jury was clarified by the subsequent poll of the jurors. This does not constitute reversible error. *People v Bastian,* 330 Mich 457 (1951); *People v Allar,* 19 Mich App 675 (1969).

Defendant's second allegation of error is that the trial court's definition and explanation of the reasonable doubt standard in its charge to the jury was inadequate. This alleged error was not preserved by objection below, and we do not consider it here. The defendant also alleges that the trial court erred by failing to instruct, *sua sponte,* that "attempted robbery being armed" was a lesser included offense of assault with intent to rob being armed. Such a charge was not requested below, and, in addition, no objection was made to the charge of the court.

Defendant's fourth and final allegation of error concerns a supplemental charge given by the court. After the jury had deliberated for a time, they returned to the courtroom and requested guidance on the manner in which they should conduct their deliberations. The court had previously charged the jury that there were four possi-

ble verdicts: guilty of the offense as charged, two lesser included offenses, and, of course, not guilty. The following excerpt from the transcript presents the incident in its entirety:

"*The Court:* All right, members of the jury, I understand you want further instructions on some questions here.

"*Juror No. 1:* Yes.

"*The Court:* Who is the foreman?

"*Juror No. 1:* We want to know something about— [juror states his name]—we took one vote and—

"*The Court:* Well, don't tell us about the vote.

"What do you want to know?

"*Juror No. 1:* We want to know—Do we have to vote on the first charge, the second charge and the third charge separately, or—

"*The Court:* All right, let me see if I can explain it.

"If you find the defendant not guilty of the first charge, then go to the second charge. You don't have to vote on all of them. If you find him guilty of the first charge, there is no need to go to the other charges.

"You can only find him guilty of one of those charges.

"*Juror No. 1:* That's right. Now, how many votes can we take on the first charge?

"*The Court:* You can take—unlimited.

"*Juror No. 1:* If we insist—if someone insists upon taking a vote on the first charge, do we have to keep voting on that charge?

"*The Court: Well you have to either keep voting on the first charge until you either all find him not guilty, or all find him guilty.* [Emphasis added.]

"*Juror No. 1:* On the first charge?

"*The Court:* On the first charge.

"*Juror No. 1:* And on all charges, after we—

"*The Court:* If you find him—See, you are not listening; that's the problem.

"If you find him guilty on the first charge, that's all of it.

"*Juror No. 1:* That's right.

"*The Court:* You don't need to vote on the rest of it.

If you find him not guilty on the first charge, then you go to the second charge. But start on the first charge.

*"Juror No. 1:* Now I understand. We understand.

*"The Court:* All right. Now, do the rest of you understand?

*"The Jurors:* Yes.

*"The Court:* All right."

The defendant contends that the emphasized portion of the court's instruction, by requiring unanimous agreement on defendant's innocence of the greater charge before they could consider the lesser charges was unduly coercive and deprived defendant of a fair trial.

The instruction the defendant complains of is unique and novel to the jurisprudence of this state. Furthermore, this Court has only been able to discover two similar cases. In *State v Payne,* 199 Wis 615; 227 NW 258 (1929), the defendant advanced a similar objection to a supplemental instruction by the trial court. The Supreme Court of Wisconsin, in reviewing this allegation of error, concluded the court's supplemental instruction did not require unanimity of the jury on defendant's innocence of the greater charge as a necessary condition for its discussion of lesser included offenses. But the Court's discussion of the record clearly indicates that it would have found a charge similar to the one given in the instant case prejudicial.

"This was the last instruction of the court, and this seemed to satisfy the foreman. Here the court told them that they were to consider all of the various degrees, and the instructions upon them, and consider them in the light of the instructions on justifiable and excusable homicide. When we consider that the foreman was not satisfied with the statement of the court upon which defendant relies, but that he was satisfied with the

succeeding statement, which was the last instruction of the court, and which instruction it seems to us was altogether correct and entirely immune from the criticism which the defendant makes of the remark of the court upon which reliance is placed, it follows that there is no room to say that the impression with which the jury returned to the jury room was that they could not consider the lower degrees until they had unanimously agreed that he was not guilty of a higher degree. We do not consider the prejudicial effect of the remark of the court criticised, because it is apparent to us that the impression left by that remark was not the final impression of the jury upon that question." *State v Payne, supra,* 199 Wis at 628; 227 NW at 262.

A similar allegation of error was also raised in *Ballinger v State,* 437 P2d 305, 309 (Wyo, 1968). In that case the jury asked the court: "If we are unable to reach a unanimous decision on one charge, do we vote on the next lesser charge?" The court responded: "Only if you *all* agree to consider a lesser charge". (Emphasis added.) The majority of the Supreme Court of Wyoming affirmed defendant's conviction in that case by taking the position that the defendant failed to demonstrate how he was prejudiced by the charge of the court.

We disagree with this position. While the trial court was certainly required to say something to the jury when it requested assistance in conducting its deliberations, the requirement of unanimous agreement on defendant's innocence of the greater charge before discussion of the lesser charges is permitted is coercive, unduly restrictive and reversible.

Reversed and remanded.

All concurred.