PEOPLE v HARMON

CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.
An instruction to a jury that it could not consider lesser included offenses until it found the defendant not guilty of the primary charge was reversibly erroneous because of the possibility that jurors opposed to conviction on the primary charge may have been coerced into voting for conviction of the higher charge by the prospect that the lesser included offenses would not even be considered unless agreement could be reached on acquittal of the higher charge.

Appeal from Eaton, Willard L. Mikesell, J. Submitted Division 3 June 3, 1974, at Lansing. (Docket No. 17581.) Decided July 23, 1974.

Jack Harmon was convicted of assault with intent to commit rape. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David L. Smith,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson, III,* Director, by *William P. Weiner,* Special Assistant Attorney General), for the people.

*Francis L. Zebot,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 286, 796–802.
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

McGregor, P. J. Following a jury trial, on a charge of rape, MCLA 750.520; MSA 28.788, defendant was convicted of the lesser included offense of assault with intent to rape, MCLA 750.85; MSA 28.280. On March 15, 1973, defendant was sentenced to a term of 3-1/2 to 10 years in prison, with credit granted for 196 days already spent in jail. Defendant appeals this conviction and sentence as of right.

The dispositive issue before us is whether the trial court's supplementary instructions on the order in which the jury was to consider the charge and lesser offenses were coercive and reversibly erroneous.

In a supplemental charge to the jury, the trial court instructed that:

"If you find that he did commit the act upon—of rape upon Susan Metzmaker beyond a reasonable doubt, that is, that he did penetrate her vagina with his penis or if he held or assisted against her will so that someone else could have intercourse with her, if you find this beyond a reasonable doubt, then, he is guilty of the crime charged. *Before you can go or consider the lesser included offenses, you must first then determine that he did not commit that crime. If you consider that and find and are satisfied from your deliberations that he did not commit the crime as charged, then you can consider the lesser included offenses and only then.* That would be the assault with intent to commit rape, assault and battery, or simple assault. If you are not satisfied beyond a reasonable doubt that he committed any of those acts, then, the verdict would be not guilty." (Emphasis added.)

Defendant asserts that the foregoing instruction is reversibly erroneous in light of this Court's recent decision in *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972).

In *Ray,* the defendant was charged with and

convicted of assault with intent to rob being armed. During the course of its deliberations the jury sought supplemental instructions with respect to the manner in which voting was to take place on the primary charge and the lesser included offenses. In pertinent part, the court instructed the jury:

"If you find the defendant not guilty of the first charge, then go to the second charge. You don't have to vote on all of them. If you find him guilty of the first charge, there is no need to go to the other charges.

\* \* \*

*"The Court:* Well you have to either keep voting on the first charge until you either all find him not guilty, or all find him guilty." 43 Mich App 48; 204 NW2d 40.

Although defense counsel in *Ray,* as in this case, neither objected to the instruction nor moved for a new trial, as contemplated by GCR 1963, 516.4, this Court held that the instruction was "coercive, unduly restrictive and reversible".

Tacitly conceding that the instruction given in this case is basically identical to that given in *Ray,* the people argue that *Ray* is distinguishable, in that defendant *Ray* was convicted of the principal charge, whereas defendant Harmon was convicted of an included offense. Perceiving the *Ray* decision as an attempt to insure that compromise verdicts are not rendered impossible by unwarranted judicial interference with the method of jury deliberation, the people assert that *Ray* is not applicable here because the defendant was convicted of a lesser included offense, possibly as the result of a compromise verdict. Thus, say the people, defendant can make no claim that he was prejudiced by the court's supplemental instruction.

The rationale of the *Ray* decision is, however,

somewhat broader than that suggested by the parties. *Ray* seeks to prevent those jurors opposed to a defendant's conviction on a higher charge from being coerced into voting for conviction by an instruction requiring acquittal of that higher charge before lesser offenses can even be considered. For example, if the jury is considering the charge of assault with intent to commit rape, and juror A is opposed to conviction, he may be coerced into changing his vote to guilty by the prospect that the lesser included offenses of assault and battery and simple assault will not even be considered unless all the remaining 11 jurors agree to acquit the defendant of assault with intent to commit rape.

As Justice Gray, dissenting in the case of *Ballinger v State,* 437 P2d 305, 311 (Wyo, 1968), stated:

"Its effect was simply to direct the jury either to convict or acquit the defendant of the primary charge when obviously the members were in serious disagreement on that charge. It is no more reasonable to say that those members voting against conviction on such charge were finally persuaded by the wisdom and convincing arguments of those for conviction, which resulted in the verdict rendered [guilty of the primary charge], than to say that those unpersuaded of the defendant's guilt in that respect might not have likewise prevailed upon the others to accept their views had not the trial court circumscribed the jury's discretionary power to deliberate upon the lesser included offenses."

Although in this case defendant Harmon was indeed convicted of a lesser included offense, there remained yet lesser offenses which members of the jury may have been precluded from considering by the trial court's supplemental instruction with respect to their method of deliberation. In these

circumstances, we cannot say that the trial court's instruction was not prejudicial and, hence, reversibly erroneous under *Ray, supra.*

Because we find that defendant's claim of instructional error mandates reversal, we refrain from generating dicta by discussing why his other allegations of error do not.

Conviction reversed. Case is remanded for a new trial on a charge of assault with intent to commit rape or some lesser included offense.

All concurred.