PEOPLE v SHEARS

CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR—AS-
SAULT AND BATTERY—LESSER INCLUDED OFFENSES—JURY FIND-
INGS.

A trial court did not commit reversible error in a criminal trial
by instructing the jury that they could not consider lesser
included offenses until finding the defendant not guilty of the
charged offense, where the instruction contained no require-
ment that they reach unanimous agreement on the defendant's
innocence of the charged offense before proceeding to considera-
tion of the lesser offenses.

Appeal from Kent, Stuart Hoffius, J. Submitted
February 1, 1977, at Grand Rapids. (Docket No.
24149.) Decided March 1, 1977.

Gary B. Shears was convicted of assault with
intent to do great bodily harm less than murder.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Harold S. Saw-
yer,* Prosecuting Attorney, for the people.

*Loeks, Buth, Wood & Weidaw,* for defendant on
appeal.

Before: D. F. WALSH, P. J., and QUINN and BASH-
ARA, JJ.

QUINN, J. A jury convicted defendant of assault
to do great bodily harm less than the crime of

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial § 876 *et seq.*

murder, MCLA 750.84; MSA 28.279. Following
sentence, he appeals on one issue:

"Whether the trial court committed reversible error
by instructing the jury that they could not consider
lesser included offenses until finding defendant not
guilty of the charged offense?"

Defendant's argument in support of his affirmative position on this issue stems from *People v
Ray,* 43 Mich App 45, 50; 204 NW2d 38 (1972),
where this Court said:

" * * * , the requirement of unanimous agreement
on defendant's innocence of the greater charge before
discussion of the lesser charges is permitted is coercive,
unduly restrictive and reversible."

However, we find *Ray* inapplicable to the instruction attacked here. It contained no "unanimous
agreement" requirement before proceeding to consideration of lesser offenses. We recognize that
*People v Harmon,* 54 Mich App 393; 221 NW2d
176 (1974), supports defendant, but we prefer the
more restrictive rule of *Ray, supra.* We note that
defendant concedes that the language quoted from
*People v Hurst,* 396 Mich 1, 10; 238 NW2d 6
(1976), and relied on by him is dicta. We decline to
follow it.

Affirmed.