PEOPLE v MAJOR

Docket No. 77-2253. Submitted June 15, 1978, at Grand Rapids.—
Decided September 19, 1978.

Thornton Major was charged with assault with intent to commit
murder. He was convicted in Kent Circuit Court, Roman J.
Snow, J., of the lesser included offense of assault with intent to
do great bodily harm less than murder. The defendant appeals,
claiming that a particular jury instruction was unduly coercive
and mandates reversal because it required a unanimous jury
agreement to acquit on a greater charge before consideration of
lesser offenses. *Held:*

The instruction claimed to be erroneous was not prejudicial.
It is clear and apparent from the total instruction that the trial
judge was simply giving the jury an example of the circum-
stances under which the jury was required to find the defend-
ant not guilty of the principal charge.

Affirmed.

CRIMINAL LAW—INSTRUCTIONS TO JURY—GREATER AND LESSER
CHARGES—JURY AGREEMENT—COERCION.

The requirement of unanimous jury agreement to acquit a de-
fendant of a greater charge before consideration of any lesser
included offenses is unduly coercive and mandates reversal;
but, where a claimed erroneous instruction is read together
with the total instructions and it is clear and apparent that the
trial judge was simply giving the jury an example of the
circumstances under which the jury was required to find the
defendant not guilty of the principal charge, the instruction
was not prejudicial and may even have been beneficial to the
defendant.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David H. Sawyer,*
Prosecuting Attorney, and *Donald A. Johnston, III,*
Chief Appellate Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial §§ 876–882, 905, 919, 921.

*Buth & Riley,* for defendant on appeal.

Before: D. E. Holbrook, Jr., P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

D. E. Holbrook, Jr., P. J. Defendant was charged with assault with intent to commit murder, MCL 750.83; MSA 28.278, and convicted by a jury of the lesser included offense of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. Thereafter sentenced to a prison term of not less than 3 nor more than 10 years defendant appeals as of right.

Defendant's sole claim on appeal is that a particular jury instruction was unduly coercive and mandates reversal under *People v Harmon,* 54 Mich App 393; 221 NW2d 176 (1974), *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976), *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972), and *People v Summers,* 73 Mich App 411; 251 NW2d 311 (1977). We disagree. The instruction of which defendant complains is as follows:

"If you find that the crime would have been manslaughter had death resulted, *then you must find the Defendant not guilty of assault with intent to murder* and consider whether or not he is guilty of any lesser included offense". (Emphasis supplied.)

In *Harmon, Hurst, Ray* and *Summers* the court instructed the jury differently than in the case at bar. In *Ray* the court instructed: "Well you have to either keep voting on the first charge until you either all find him not guilty, or all find him

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

guilty." In *Harmon* the court in effect instructed the jury that before they could consider lesser included offenses they must first determine that defendant did not commit the principal charge. In *Hurst* the court instructed: "If you find either of the defendants not guilty of the charge of manslaughter then you should proceed to determine whether that defendant not guilty of manslaughter is guilty of the crime of assault and battery." In *Summers* the court delineated to the jury their method of deliberation. The instructing judge told the jury that if they found defendant not guilty of the main charge they should then consider the lesser included offense of attempted armed robbery and if they found defendant not guilty of that they then must consider felonious assault.

In all of the foregoing cases the jury was in effect instructed that a unanimous agreement of all 12 jurors to acquit was required before the jury could consider any lesser included offenses. Such is not the case here. In the instant case when the claimed erroneous instruction is read together with the total instructions it is clear and apparent that the trial judge was simply giving the jury an example of under what situation the jury was required to find the defendant *not guilty* of the principal charge.

Unlike the instructions given in *Hurst, Harmon, Summers* and *Ray* which were held to be prejudicial, the instruction given in the instant case was beneficial to the defendant. As previously noted defendant was not convicted of the principal charge and a reason therefore could well be the instruction to which defendant now objects. We find no reversible error.

Affirmed.