PEOPLE v MAYS

Docket No. 63472. Decided February 20, 1980. On request by the defendant for review of the record the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's conviction and remanded the case for a new trial.

Grady Mays was charged with first-degree criminal sexual conduct and was convicted by a jury in Kalamazoo Circuit Court, Marjorie Lee Luna, J. The defendant's attorney objected to the instructions to the jury on lesser included offenses and to the verdict form on the ground that they had the effect of telling the jury to consider first the charge of first-degree criminal sexual conduct and to find the defendant not guilty of that charge before considering the lesser included offenses. The Court of Appeals, N. J. Kaufman, P.J., and T. M. Burns and Bashara, JJ., affirmed in a memorandum opinion (Docket No. 77-4008). Defendant requests review of the record. *Held:*

Proper consideration by the jury of lesser included offenses was impeded by the trial court's manner of instructing. It is not error to suggest an order of consideration of offenses; an instruction will not be deemed to be erroneous in this respect unless the instruction or manner of giving it conveys the impression that there must be an acquittal on one charge before consideration of another. However, the instruction that "if you find the defendant not guilty of [the greater offense], you may consider [the lesser included offenses]" improperly interferes with the jury's deliberation by requiring agreement of all the jurors to acquit of the offense charged before considering a lesser offense.

Reversed and remanded for a new trial.

Chief Justice Coleman would affirm the defendant's conviction. It would be error for a trial judge to require a unanimous agreement of innocence to a higher charge before deliberation on lesser included offenses may begin, but because the court's instruction in this case did not require unanimity, there is no reversible error.

1. The per curiam opinion relies on reasoning that the instruction given would require a lone juror holding out for conviction to be dissuaded from that opinion before considera-

tion of lesser included offenses could begin, even should a significant number of the other jurors desire to discuss the possibility of convicting the defendant of a lesser included offense. It is unrealistic to attribute to any rational juror, from instructions requiring a unanimous vote to *convict,* a belief that a unanimous vote is required to *acquit.* Although it is true that an opinion of the Court expressed disapproval of the instruction that if the defendant was found not guilty of the crime charged, then lesser included offenses should be considered, it declined to decide whether such an instruction would constitute reversible error.

2. Two lines of cases have been decided by the Court of Appeals on comparable instructional issues. One line finds that an instruction which requires unanimous agreement of innocence on the principal offense before deliberations on lesser included offenses may commence constitutes reversible error; the other holds that an instruction which does not expressly require unanimous agreement but suggests a logical, orderly method of considering verdicts is not erroneous. The policy considerations advanced to invalidate an instruction such as the one at issue are imbedded in the reasons for a lesser included offense doctrine. The first reason for permitting discussion of lesser included offenses is to assist the prosecution in obtaining a conviction where there has been a failure of proof and also recognizes the possibility of compromise verdicts; the second reason is the jury's inherent power to pardon.

3. Latitude must be given to trial judges in the giving of jury instructions. Some ordering is not only desirable, it is frequently necessary. It seems only logical to begin with the charged offense and then proceed to lesser included offenses. If a defendant is unanimously found guilty of the principal crime there is no need to consider lesser offenses. Thus, an instruction such as the one given here is not coercive, but presents a logical method of jury deliberations. The instruction should be viewed as introductory rather than directory. It is but a small portion of a lengthy instruction; a fundamental rule when reviewing jury instructions is that they must be considered as a whole. Moreover, the coercive potential is not apparent in this case. There is no direction or apparent implication that the jury should find a unanimous verdict of innocence before proceeding to the other offenses. It strains the imagination to believe that the jury may have been misled.

Grady Mays, *in propria persona.*

PER CURIAM. Defendant was convicted of first-degree criminal sexual conduct, a violation of MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), and was sentenced to serve from 10 to 20 years imprisonment. The Court of Appeals affirmed. We consider this case upon defendant's request for a review pursuant to Administrative Order 1977-4, 400 Mich lxvii.

Over defense objection at trial, the court's jury instruction included the following statement:

"The first lesser included offense which you may consider, *if you find the defendant not guilty of first-degree sexual conduct,* you may consider whether the prosecutor has proven beyond a reasonable doubt the elements of criminal sexual conduct in the second degree." (Emphasis supplied.)

The court instructed on the lesser included offenses of criminal sexual conduct in the second degree, assault with intent to commit criminal sexual conduct involving sexual penetration, assault with intent to commit criminal sexual conduct in the second degree, and felonious assault.

Defense counsel objected:

"The court has written out a verdict form. I believe both counsel have reviewed it. The form reflects: 'Not guilty, first-degree criminal sexual conduct,' and then states 'lesser included offenses' and then lists them. I object to the fact that lesser included offenses are listed separately. I think it's compounded in this case for two reasons. The court at one time stated upon reviewing that document that the first choice was 'not guilty of anything'; then 'guilty of first-degree criminal sexual conduct'; and the court went on to say 'or guilty of one of the lessers,' at which time she read the four or five lesser includeds. This compounded with the fact the court earlier stated that the first lesser included—I should quote that—quote, 'First lesser included: if you

should find the defendant not guilty of criminal sexual conduct,' at which time the court then went on to list the lesser includeds. The basic objection, I think, is I think the court is definitely pointing out to the jury they are lesser charges and, secondly, giving them the impression they need to consider the main charge and find him not guilty of that before considering the lesser includeds. I think that's contrary to the law here in Michigan. * * *

"*The Court:* The record may indicate that you made that objection verbally to the court before the instruction was given so that protects you in that regard. * * *"

On appeal defendant argued that the instructions given had the effect of telling the jury the order in which they were to consider lesser included offenses. The people responded that even if the instruction given did suggest consideration in a particular order, that alone did not constitute reversible error. They claimed that the trial court did not tell the jury that they must unanimously find defendant not guilty of the charged offense before considering lesser included offenses.

In *People v Hurst,* 396 Mich 1, 10; 238 NW2d 6 (1976), this Court considered a similar contention:

"In instructing the jury the judge said:

" 'If you find either of the defendants not guilty of the charge of manslaughter then you should proceed to determine whether that defendant not guilty of the crime of manslaughter is guilty of the crime of assault and battery.'

"We agree with Hurst that this instruction improperly interfered with the jury's deliberations by requiring agreement of all 12 jurors to acquit the accused of the charged offense before considering a lesser offense.

"Under the judge's instruction, even if the jurors were 11 to 1 for acquittal and a significant number of

jurors desired to discuss the possibility of convicting the defendant of a lesser offense, consideration of a lesser offense could not begin unless the one juror holding out for conviction were dissuaded from that view.

"The instruction is unrealistic and improper."

The error noted in *Hurst,* outlined by counsel's explicit objection, is apparent on this record. Proper jury consideration of lesser included offenses was impeded by the trial court's manner of instructing.

It is not error to suggest an order of consideration of offenses. The jury probably should be reminded to consider the charged offense first and it probably would be helpful to suggest that consideration be given to offenses with a "greater" number of elements before considering those with a "lesser" number.

In this respect an instruction will not be deemed erroneous unless the instruction or manner of giving it conveys the impression that there must be acquittal on one charge before consideration of another.[1]

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the defendant's conviction and remand this case for new trial.

KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[1] Instruction to this effect may be given:

"You should begin your deliberations by considering (the charged offense). Unless all of you agree to find the defendant guilty of (the charged offense), you may consider the other offenses upon which I have instructed you in the order in which the instructions were given. You may consider any of those offenses without having reached agreement concerning the defendant's guilt or innocence of any other of those offenses."

The foregoing instruction is suggested but is not mandatory. Another formulation consistent with this opinion or eschewing instruction on this subject is not error.

Coleman, C.J. *(to affirm).* Defendant-appellant Grady Mays was convicted by a jury of first-degree criminal sexual conduct contrary to MCL 750.520b(1)(e); MSA 28.788(2)(1)(e).

In the course of giving jury instructions at trial, the court informed the jury that defendant was charged with first-degree criminal sexual conduct, and then proceeded to outline the elements of that offense. The court next stated that the jury could consider lesser included offenses, and prefaced a description of the elements of each lesser included offense by the following statement: "The first lesser included offense which you may consider, *if you find the defendant not guilty of first-degree criminal sexual conduct * * *"* (emphasis supplied). The lesser included offenses charged included criminal sexual conduct in the second degree, assault with intent to commit criminal sexual conduct involving sexual penetration, assault with intent to commit criminal sexual conduct in the second degree, and felonious assault. After presenting the elements of the lesser included offenses charged, the court directed the jury to reach a unanimous verdict. The jury foreman was handed a verdict sheet listing the possible verdicts for use during deliberations. At the close of the instructions, defense counsel registered an objection to the lesser included offense instruction, which, in his estimation, gave the jurors "the impression they need to consider the main charge and find [defendant] not guilty of that before considering the lesser includeds".

The Court of Appeals affirmed defendant's conviction in a memorandum opinion, released May 31, 1979, from which defendant appeals. The per curiam opinion would dispose of this matter by reversing and remanding in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), on the

authority of *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976). I would affirm the conviction.

## I

The question presented is whether the trial court's instruction to the jury that it could consider lesser included offenses if it found defendant not guilty of first-degree criminal sexual conduct constitutes reversible error.

Defendant contends on appeal that the trial court's instruction required the jury to agree unanimously to acquit defendant on the principal offense charged before it could consider lesser included offenses and that this represented reversible error entitling defendant to a new trial.

The prosecutor urges a finding that the trial court did not err in instructing the jury with regard to possible verdicts. The instruction permissibly emphasizes that in addition to a principal charge there are lesser included offenses which may be considered. A trial judge may direct the jury to consider the verdicts in a particular order. The prosecutor agrees, as do I, that it would be error for a trial judge to require a unanimous agreement of innocence to a higher charge before deliberation on lesser included offenses may begin, but states that because the court's instruction in the instant case did not require unanimity, there is no reversible error.

## II

The issue here presented is similar to that in *Hurst, supra.* In *Hurst,* three of the four participating Justices agreed with Hurst's assertion that the jury instruction which directed the jury to

consider a lesser included offense "[i]f you find either of the defendants not guilty of the crime of manslaughter", was "unrealistic and improper". They said that the instruction impermissibly infringed upon the role of the jury in conducting deliberations. The plurality set forth an extreme hypothetical situation in which the jurors believed there must be a unanimous vote to acquit and so were deadlocked, voting 11 to 1 for acquittal. From this hypothetical, the plurality opinion reasoned that the instruction given would require a lone juror holding out for conviction to be dissuaded from his or her view before consideration of lesser included offenses could begin, even should a significant number of the other jurors desire to discuss the possibility of convicting the defendant of a lesser included offense. From jury instructions requiring a unanimous vote to *convict,* I find it unrealistic to attribute to any reasonable juror the mental leap to a belief that a unanimous vote is required to *acquit.* Although it is true that the *Hurst* plurality expressed disapproval of the instruction, it expressly declined to decide whether such an instruction would constitute reversible error. Thus, *Hurst* does not purport to supply the definitive answer to this case.

## III

The Court of Appeals has considered comparable instructional issues on numerous occasions. Two lines of cases are apparent. One finds that an instruction which requires unanimous agreement of innocence on the principal offense before deliberations on lesser included offenses may commence constitutes reversible error. The other holds that an instruction which does not demand unanimous

agreement is not erroneous, but instead represents a permissible structuring of jury deliberations.

Chief among the first line of decisions is *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972). A supplemental instruction requiring the jury to continue voting on the first charge until either all the jurors found the defendant not guilty or all found him guilty was held to be coercive, unduly restrictive of the jury's prerogative and grounds for reversal of the defendant's conviction. *Ray* was subsequently recognized by the Court of Appeals as imposing a "unanimity" requirement in the instruction before reversal may be ordered. See, *e.g., People v Bankston,* 61 Mich App 275; 232 NW2d 381 (1975). Other decisions in which the Court found reversible error in the giving of an instruction expressly requiring unanimity include *People v Summers,* 73 Mich App 411; 251 NW2d 311 (1977), and *People v Jerry Johnson,* 83 Mich App 1; 268 NW2d 259 (1978). One case, *People v Harmon,* 54 Mich App 393; 221 NW2d 176 (1974), aligned with *Ray* in its conclusion that a reversible instructional error existed, although the instruction, which informed the jurors that before lesser included offenses could be discussed they must first find that the defendant did not commit the offense charged, did not expressly require unanimous agreement on acquittal. *Bankston, supra,* disavowed *Harmon* as failing to recognize *Ray's* unanimity requirement.

The second group of Court of Appeals decisions proposes that an instruction which suggests a logical, orderly method of considering verdicts is not erroneous. Essentially, these cases involve instructions in which unanimous agreement of de-

fendant's innocence on the principal charge is not expressly (or at times even impliedly) required.[1]

## IV

Decisions of other jurisdictions may be of some assistance to our discussion here. One case frequently cited in Court of Appeals decisions, *Ballinger v State*, 437 P2d 305 (Wyo, 1968), involved a supplemental instruction nearly identical to the one given in *Ray, supra.* A majority of the Wyoming Supreme Court in *Ballinger* held that the instruction was *not* reversibly erroneous because the defendant had failed to demonstrate how the instruction injured or prejudiced him. The Court refused to speculate with regard to the jury verdict obtained.

In *Payne v State*, 199 Wis 615; 227 NW 258 (1929), the Supreme Court of Wisconsin considered a supplemental instruction which directed the jury to treat the charges in the order given by the court and to agree unanimously to any verdict. In the Court's estimation, the jury was not given the impression by this instruction that it could not consider the lesser offenses until it had unani-

---

[1] See *People v Robert Hall,* 56 Mich App 10; 223 NW2d 340 (1974); *People v Bates,* 55 Mich App 1; 222 NW2d 6 (1974); *People v James,* 51 Mich App 777; 216 NW2d 473 (1974); *People v Szymarek,* 57 Mich App 354; 225 NW2d 765 (1975); *People v Britt,* 57 Mich App 375; 225 NW2d 771 (1975); *People v Freeman,* 57 Mich App 90; 225 NW2d 171 (1974); *People v Walker,* 58 Mich App 519; 228 NW2d 443 (1975); *Bankston, supra; People v Don Francisco Lopez,* 65 Mich App 653; 237 NW2d 599 (1975); *People v Waldron,* 64 Mich App 648; 236 NW2d 732 (1975); *People v Jacobson,* 72 Mich App 489; 250 NW2d 105 (1976), *rev'd on other grounds* 400 Mich 859 (1977); *People v Erwin,* 70 Mich App 60; 245 NW2d 173 (1976); *People v Embry,* 68 Mich App 667; 243 NW2d 711 (1976); *People v Ross,* 69 Mich App 705; 245 NW2d 335 (1976); *People v Shears,* 73 Mich App 683; 252 NW2d 563 (1977); *People v Ronald L Johnson,* 74 Mich App 250; 253 NW2d 722 (1977); *People v Major,* 85 Mich App 583; 272 NW2d 143 (1978); *People v Allen,* 90 Mich App 128; 282 NW2d 255 (1979).

mously agreed to acquit on the higher charge. No error was found.

A supplemental instruction to the jury that it had to reach a verdict on the main charge before it could consider a lesser included offense was said to be prejudicial and thus reversibly erroneous in *State v Ogden,* 35 Or App 91; 580 P2d 1049 (1978). Citing both *Hurst* and *Harmon,* the Oregon Court of Appeals viewed the instruction as "effectively inhibit[ing] the right of the jury to consider the lesser offense of trespass". *Ogden, supra,* 97. The Court recognized that there was a reasonable inference that the jury was divided; had the instruction been properly given, the jury might well have reached a different verdict. The potential for coercion dictated reversal. However, *the Court said its decision was not to be read as foreclosing instructions which methodically order jury deliberations,* since a trial court has little opportunity to police deliberations other than through its instructions.

## V

In summary, the plurality in *Hurst, supra,* disapproved an instruction which, it concluded, impliedly required unanimous acquittal on the principal offense before lesser included offenses could be considered, but declined to say whether or not such an instruction would be cause for reversal. The Court of Appeals in its various decisions has implemented a rule which mandates reversal if unanimous agreement is expressly required, but which generally finds no error if the unanimity requirement is not evident.

The policy considerations advanced to invalidate an instruction such as the one which concerns us here are imbedded in the reasons for a lesser included offense doctrine. The *Ogden* special con-

currence by Judge Johnson sets forth two rationales for permitting discussion of lesser included offenses. The first is to assist the prosecution in obtaining a conviction where there has been a failure of proof. This first reason also embraces the possibility of compromise verdicts, recognized by this Court in *People v Chamblis,* 395 Mich 408, 425-426; 236 NW2d 473 (1975). Of importance is the second reason given for a lesser included offense theory, the jury's inherent power to pardon.

I cannot agree with a disposition which would reverse defendant's conviction on the basis of the instruction given in the instant case. Latitude must be given to trial judges in the giving of jury instructions. See, *e.g.,* Wright, *Adequacy of Instructions to the Jury: II,* 53 Mich L Rev 813 (1955). Some ordering is not only desirable, it is frequently necessary. Given the acceptability of structuring jury instructions, it seems only logical to begin with the charged offense and then proceed to lesser included offenses. If a defendant is unanimously found guilty of the principal crime, it follows that there is no need to consider lesser offenses. Thus, when viewed from this perspective, an instruction such as the one given here is not coercive, but represents a logical method of jury deliberations.

The instruction should be viewed as introductory rather than directory, as was the instruction in *People v Allen,* 90 Mich App 128; 282 NW2d 255 (1979). The language claimed to be error was but a small portion of a lengthy instruction. A fundamental rule when reviewing instructions is that jury instructions must be considered as a whole. *People v Dye,* 356 Mich 271, 279; 96 NW2d 788 (1959). Moreover, the coercive potential is not apparent here as it is in *Ray* and *Ogden.* There is

no direction or apparent implication that the jury should find a unanimous verdict of *innocence* before proceeding to the other offenses.

Indeed, it strains the imagination to believe that this jury may have been misled.

Defendant's conviction should be affirmed. The instruction in issue does not provide an adequate basis for reversal.