PEOPLE v MAYNARD

Docket No. 44869. Submitted June 18, 1980, at Detroit.—Decided July
27, 1981.

Lonnie J. Maynard was convicted of assault with intent to do
great bodily harm less than murder, Recorder's Court of De-
troit, James E. Roberts, J. Defendant appeals. *Held:*

1. The trial court's instructions to the jury suggested that the
jury was to find the defendant not guilty of any higher offense
before they could consider a lesser offense. However, the issue
is not preserved for appeal since defense counsel did not object
to the instructions as given and because counsel expressly
agreed to a verdict form which was similar to the instructions.

Affirmed.

J. E. TOWNSEND, J., dissented. He would hold that the Court
of Appeals should not assume that the defendant was not
prejudiced by the erroneous jury instructions. He would reverse
and grant a new trial.

OPINION OF THE COURT

1. CRIMINAL LAW — JURY INSTRUCTIONS.

An instruction to a jury will be deemed erroneous if it conveys
the impression that the jury must acquit a criminal defendant
of one charge before they can consider another.

2. CRIMINAL LAW — ERROR — PRESERVING QUESTION.

. A defendant may not predicate error upon a trial court procedure
to which defense counsel failed to object at trial.

DISSENT BY J. E. TOWNSEND, J.

3. CRIMINAL LAW — JURY INSTRUCTIONS — PREJUDICE.

*The Court of Appeals should not assume that a defendant was
not prejudiced where the jury was erroneously instructed that
they must find the defendant not guilty of a higher offense*

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 75 Am Jur 2d, Trial § 876.
[2] 5 Am Jur 2d, Appeal and Error § 553.
[3] 75 Am Jur 2d, Trial § 605.

*before considering a lesser offense and where the defendant was found guilty of the more serious of the lesser included offenses within the offense charged.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Nels L. Olson,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

N. J. KAUFMAN, P.J. On September 29, 1979, a jury found defendant-appellant, Lonnie James Maynard, guilty of assault with intent to do great bodily harm less than murder, contrary to MCL 750.84; MSA 28.279. He was sentenced on October 18, 1979, to 5 to 10 years imprisonment. The defendant appeals as of right under GCR 1963, 806.1.

This Court has carefully reviewed the briefs and transcript. We agree that no prejudicial error occurred. However, because of our decision in *People v Johnson,* 83 Mich App 1; 268 NW2d 259 (1978), which I authored, I feel one of defendant's allegations of error requires my comment. Defendant contends that the trial court improperly suggested, in its instructions, that the jury could not begin consideration of a lesser offense until it had reached a decision of not guilty as to the higher offense. Prior to our decision in *Johnson, supra,* the Court of Appeals was split as to what form of instruction was erroneous. In *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976), the Court agreed that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

an instruction to the jury which suggested that consideration of a lesser offense could not begin if one juror held out for conviction of the offense charged is improper and should be avoided in the future. *Id.,* 10. The *Hurst* Court was not required in its disposition of the case to decide whether the giving of such instruction constituted reversible error.

Since the time of *Hurst* and *Johnson, supra,* this issue has been decided by the Supreme Court in two very recent cases, *People v Mays,* 407 Mich 619; 288 NW2d 207 (1980), and *People v West,* 408 Mich 332; 291 NW2d 48 (1980). In *People v Mays, supra,* the majority held that an instruction will be deemed erroneous if it conveys the impression that there must be an acquittal on one charge before consideration of another. The instruction that "if you find the defendant not guilty of [the greater offense], you may consider [the lesser offense]" improperly interfered with the jury's deliberation by requiring agreement of all jurors to acquit on the offense charged before considering a lesser offense and was, therefore, reversible error. Accord, *People v Hurst, supra, People v Johnson, supra.*

While we in no way wish to disavow our decision in *Johnson,* and, in fact, recognize that this decision has recently been affirmed by our state's highest court, we must note a distinction between the facts upon which the *Mays* decision rested and those of the case at issue in order to explain our position in regard to the latter. In *Mays,* the Supreme Court took pains to note twice that the defendant's attorney objected both to the instructions to the jury on lesser included offenses and to the verdict form. *Mays* at 621, 622. The Court stated "[t]he error noted in *Hurst, outlined by*

counsel's explicit objection, is apparent on this record". *Id.,* 623. (Emphasis added.) In the case at issue, not only did defense counsel not object to the judge's instruction, he also agreed to the verdict form given to the jury.

However, in *People v West, supra,* which followed almost immediately on the heels of *Mays,* and likewise found reversible error in the trial court's instructions, it was not noted whether defense counsel objected. Moreover, in *People v Handley,* 101 Mich App 130; 300 NW2d 502 (1980), a panel of this Court reversed a defendant's conviction because of a similar instruction even though trial counsel had failed to object. Because the defendant was convicted of the charged offense, the Court concluded that the instruction was indeed prejudicial. *Id.,* 136.

In the instant case, there is the additional factor of counsel's agreement to the verdict form. It is impossible to tell from the record whether this acquiescence was a trial tactic. However, we agree that:

"Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of jury failure." *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969).

See also *People v Smith,* 95 Mich App 492; 291 NW2d 91 (1980), *People v Williams,* 84 Mich App 226; 269 NW2d 535 (1978).

We are here to see that justice is done. We cannot demand it for the defendant, while denying it to the plaintiff. Fairness demands that a defense counsel with an objection not invite error by failing to state the objection. We affirm.

CYNAR, J., concurred.

J. E. TOWNSEND, J. *(dissenting).* I respectfully dissent. Because defense counsel did not object to the instruction given or to the form of verdict, reversal should be predicated only on manifest injustice. *People v Johnson,* 93 Mich App 667, 669; 287 NW2d 311 (1979).

The instructions given to the jury were objectionable under the rule stated in *People v Hurst,* 396 Mich 1, 10; 238 NW2d 6 (1976), *People v Mays,* 407 Mich 619, 623; 288 NW2d 207 (1980), and *People v West,* 408 Mich 332, 342; 291 NW2d 48 (1980). Such cases hold that a court may not instruct a jury so as to require acquittal of the charged offense before considering the lesser included offense.

In the case at bar defendant was found guilty of the more serious of the lesser included offenses within Count II, and the jury had been instructed that they "must find" the "higher one not guilty" before going to the "lower one". We cannot assume that no prejudice resulted from the erroneous instruction. I would reverse the conviction and grant a new trial.