PEOPLE v HENDERSON

Docket No. 49369. Submitted December 10, 1981, at Detroit.—Decided
February 19, 1982. Leave to appeal applied for.

Essie Mae Henderson was convicted of assault with intent to
commit murder, Recorder's Court of Detroit, Samuel H. Olsen,
J. Her applications for leave to appeal to the Court of Appeals
were denied. Subsequently, the Supreme Court, in lieu of
granting leave to appeal, remanded the case to the Court of
Appeals for consideration as on leave granted. 407 Mich 949
(1980). The issues to be considered were limited to whether the
defendant was entitled to resentencing because the trial court
failed to allow her an opportunity for allocution and whether
the trial court gave erroneous jury instructions on intent,
malice, and the order of jury deliberations. *Held:*

1. The trial court's instructions on intent, while erroneous,
actually benefited the defendant by foreclosing the jury from
convicting the defendant on an alternative theory.

2. The instruction on malice was technically incorrect, but
again benefited the defendant by foreclosing conviction on an
alternative theory.

3. The trial court's instruction conveyed the impression that
the jury was required to reach a verdict of acquittal on the
principal charge before considering lesser offenses. This was
error requiring reversal.

4. It is unnecessary to consider the matter of resentencing.

Reversed.

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT.

The crime of felonious assault requires a specific intent either to
injure the victim or to place the victim in reasonable fear of
receiving an immediate battery.

2. HOMICIDE — MURDER — MALICE.

Malice exists, in the crime of murder, where the defendant either

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assault and Battery § 51.
[2] 40 Am Jur 2d, Homicide § 50.
[3] 75 Am Jur 2d, Trial § 876.

intends to kill the victim or consciously creates a very high degree of risk of death to another with knowledge that his act probably will result in death.

3. CRIMINAL LAW — JURY INSTRUCTIONS — ORDER OF CONSIDERATION OF OFFENSES.

An instruction to the jury which conveys the impression that the jury must reach a verdict of acquittal on the principal charge before it may consider lesser offenses is erroneous, requiring reversal where a defendant is convicted of the principal offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

*Clarence H. Ledwon,* for defendant on appeal.

Before: D. C. RILEY, P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. Defendant was convicted by a jury of assault with intent to commit murder, MCL 750.83; MSA 28.278, and was sentenced to 25 to 50 years imprisonment. Her delayed applications for leave to appeal to this Court were denied by orders entered November 18, 1977, and April 18, 1979. On January 11, 1980, the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration of the following issues: (1) whether defendant is entitled to resentencing on the ground that the trial court failed to allow her an opportunity for allocution, and (2) whether the trial court gave confusing, misleading or erroneous instructions on intent, malice, or the order of jury deliberations. 407 Mich 949 (1980).

Defendant raises several allegations of error concerning the trial court's instructions to the jury. We shall address them in order. Defendant

initially contends that the instructions on intent failed to meet the standards established by the Supreme Court in *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978), and *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979).

We observe that both *Sanford* and *Joeseype Johnson* were decided after the trial in this case. In *Joeseype Johnson,* the Supreme Court held that the crime of felonious assault requires a specific intent to accomplish a result: either to injure the victim or to place the victim in reasonable fear of receiving an immediate battery. In the instant case, the jury was instructed that felonious assault required an assault—which was defined as an attempt to do corporeal harm to another person with force or violence, with the present intention and ability to carry out that attempt. Although only the first prong of the *Johnson* definition of assault was given, the jury was specifically instructed that in order to convict defendant of felonious assault they had to find that she acted with the specific intent to carry out an attempted battery. This error in instructing the jury actually *benefited* the defendant, because it denied the jury the opportunity to base a conviction on an alternative theory: that defendant committed an intentional unlawful act which placed the victim in reasonable fear of an immediate battery. We need not reverse on this issue under these circumstances.

Defendant next contends that the trial court erred in instructing the jury on malice. The jury was essentially instructed that in order to convict defendant of assault with intent to commit murder they had to find that she acted with the intent to kill. The instruction was technically incorrect because the malice element of murder exists where

the defendant either intends to kill the deceased or consciously creates a very high degree of risk of death to another with knowledge that his act will probably result in death. However, we must once again conclude that this error actually benefited the defendant. If correct instructions had been given, the jury could have convicted defendant on an alternative theory: that she knowingly created a very high risk of death with knowledge of its probable consequences. Consequently, defendant was not prejudiced by this error.

Finally, defendant contends that the trial court erroneously instructed the jury that they could not consider lesser offenses unless they unanimously agreed to acquit defendant of the principal charge. We are constrained to agree.

In *People v Mays,* 407 Mich 619, 621; 288 NW2d 207 (1980), the following instruction was held to be coercive and the defendant's conviction was overturned:

"The first included offense which you may consider, if you find the defendant not guilty of first-degree sexual conduct, you may consider whether the prosecutor has proven beyond a reasonable doubt the elements of criminal sexual conduct in the second degree."

In the instant case the trial court instructed the jury, in part, as follows:

"Now members of the jury, if you find after you've deliberated that the people have failed to establish the crime of assault with intent to commit murder beyond a reasonable doubt, there are two lesser offenses which you may consider."

We find, as did the court in *Mays, supra,* that this instruction conveyed the impression that the

jury must reach a verdict of acquittal on the principal charge before it may consider lesser offenses. Defense counsel's failure to object is irrelevant, since defendant was convicted of the principal charge. See *People v Handley,* 101 Mich App 130, 136; 300 NW2d 502 (1980).

Our disposition of the previous issue renders it unnecessary to address defendant's claim that she is entitled to resentencing.

Reversed.