PEOPLE v PLOZAI

Docket No. 53545. Submitted March 3, 1982, at Lansing.—Decided April 20, 1983. Leave to appeal applied for.

Defendant, Anthony J. Plozai, was convicted by a jury in the Roscommon Circuit Court of first-degree murder, Willard L. Mikesell, J. The Court of Appeals, in an unpublished opinion, reversed his conviction on the ground that the prosecutor had made improper and prejudicial remarks in his closing argument. The Court of Appeals, after granting the prosecutor's motion for a rehearing, then decided that its former determination was erroneous and, thus, affirmed the defendant's conviction. 50 Mich App 131 (1973). Defendant then applied for a delayed appeal, raising substantially different issues from those raised in his former appeal. The Court of Appeals granted leave to appeal. *Held:*

1. The defendant was deprived of a fair trial since a reasonable juror may well have considered the court's erroneous instruction regarding the issue of malice to mean that he or she might find malice on the facts presented. The harmless error test is not applicable to this issue.

2. The trial court's instruction to the jury requiring that they first acquit defendant of the charged offense before considering the lesser-included offenses was not in error. Such an instruction would constitute reversible error if given today. However, since there was no Michigan case law prohibiting the instruction as given in defendant's 1971 trial, the instruction was not in error.

3. Defendant was not denied effective assistance of counsel at trial and on his first appeal.

4. Reversed and remanded for entry of a judgment of conviction of manslaughter and for resentencing. If the prosecutor, however, is persuaded that the ends of justice would be better served by a new trial, the trial court shall vacate the judgment of conviction and grant such a request.

Reversed and remanded with instructions.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 40 Am Jur 2d, Homicide §§ 509, 561.
[2] 20 Am Jur 2d, Courts §§ 233, 236.

E. C. Penzien, J., concurred in the decision to reverse defendant's conviction for first-degree murder. However, he would disagree with the majority's conclusion that the harmless error test is inapplicable where an instruction such as that complained of in this case is given. Here, he believes, the somewhat confusing instruction on self-defense, in combination with the erroneous malice instruction, indicates that the error in the malice instruction was not in fact harmless.

### Opinion of the Court

1. Homicide — Malice — Jury Instructions — Appeal — Harmless Error.

An instruction to the jury in a prosecution for murder that "the law implies, from an unprovoked, unjustifiable or inexcusable killing, the extension of that wicked disposition which the law terms malice aforethought" is erroneous; the harmless error test does not apply in an appeal from a trial wherein such an instruction was erroneously given.

2. Appeal — Jury Instructions — Case Precedent.

The Court of Appeals will not find that a jury instruction given in a criminal case was in error where there was no Michigan case law prohibiting the instruction when it was originally given; such a conclusion is not altered by the fact that if such an instruction were given today the Michigan Supreme Court and Court of Appeals would find it to be reversible error.

### Concurrence by E. C. Penzien, J.

3. Criminal Law — Appeal — Harmless Error — Jury Instructions — Malice.

*The harmless error test is applicable in a criminal action for first-degree murder wherein an erroneous malice instruction was given by the trial court indicating that the law implies malice from an unprovoked, unjustifiable or inexcusable killing.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Thomas A. Swanson,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Ronald C. Meiring,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and ALLEN and
E. C. PENZIEN,* JJ.

PER CURIAM. Defendant was convicted by a jury
of first-degree murder in violation of MCL 750.316;
MSA 28.548. This Court, in an unpublished opin-
ion, initially reversed his conviction on March 22,
1973, on the ground that the prosecutor had made
improper and prejudicial remarks in his closing
argument. After granting the prosecutor's motion
for a rehearing, this Court decided that its former
determination was erroneous and affirmed the
defendant's conviction. *People v Plozai,* 50 Mich
App 131; 212 NW2d 721 (1973), *lv den* 397 Mich
801 (1976). Defendant then applied for a delayed
appeal, raising substantially different issues from
those raised in his former appeal. Leave to appeal
was granted by this Court on March 10, 1981.

Defendant first claims that he was denied a fair
trial because the court instructed the jury that the
essential element of malice was conclusively pre-
sumed, thus shifting the burden of proof to the
defendant and restricting the range of circum-
stances which tended to prove or negate malice to
the single fact of provocation. At trial, the defen-
dant admitted killing the victim but claimed it
was done in self-defense.

The disputed jury instructions read as follows:

"The term 'malice' as used in these definitions signi-
fies a wrongful act done intentionally without legal
justification or excuse.

"The real test of malice is to be found in the presence
or absence of adequate cause or provocation to account
for the homicide.

"Possibly I can make this clearer by an illustration. If
one, without just cause, inflicts a wrong upon another,

* Circuit judge, sitting on the Court of Appeals by assignment.

we call him malicious, so when one, without any legal provocation, justification or excuse, intentionally kills another, we call him a murderer.

"The law implies, from an unprovoked, unjustifiable or inexcusable killing, the extension of that wicked disposition which the law terms malice aforethought. If a man kills another suddenly and without provocation the law implies malice and the offense is murder. If the provocation is such as must have greatly provoked him so that he acted from sudden passion caused by some great provocation, the killing would be manslaughter.

"The instrument with which the killing was done may be taken into consideration because the intention to kill, in the absence of evidence showing a contrary intent, may be inferred from the use of a deadly weapon in such a manner that the death of the person assaulted would be the inevitable consequence."

An almost identical instruction regarding the issue of malice was held to be reversible error in *People v Richardson,* 409 Mich 126; 293 NW2d 332 (1980). In explaining the rationale for the rule, the Michigan Supreme Court stated:

"The portion of the instruction which stated that *the law implies malice* 'from the unprovoked, unjustifiable, or inexcusable killing' or when 'a man kills another suddenly and without provocation' had the effect of withdrawing from the jury the essential factual issue of the existence of malice. *The law, of course, does not imply malice from a sudden and unprovoked killing, and it was error to so instruct.* The necessary factual element of malice may be permissibly inferred from the facts and circumstances of the killing, but it can never be *established as a matter of law* by proof of other facts. *Maher v People* [10 Mich 212, 218 (1862)]; *People v Martin* [392 Mich 553, 560-562; 221 NW2d 336 (1974)]." *Richardson, supra,* pp 143-144. (Emphasis added.)

See also *Sandstrom v Montana,* 442 US 510; 99 S Ct 2450; 61 L Ed 2d 39 (1979), which held that

instructions regarding such a presumption violate the Fourteenth Amendment's due process clause.

The prosecutor's suggestion that this Court can properly seek to limit the retroactive application of this rule is untenable in the light of *Maher v People, supra,* and ample federal precedent established before defendant's 1971 trial. See *Morissette v United States,* 342 US 246; 72 S Ct 240; 96 L Ed 288 (1952); *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970). The harmless error test is also not applicable. Defendant had a right to a properly instructed jury. Because a reasonable juror may well have considered the court's errone-ous instruction to mean that he or she must find malice on the facts presented, we find that the defendant was deprived of a fair trial. *Sandstrom v Montana, supra.*

Defendant next alleges that the trial court's instruction to the jury requiring that they first acquit defendant of the charged offense before considering the lesser-included offenses denied him a fair trial.

It is clear that if this instruction were given today, the Michigan Supreme Court and this Court would find it to be reversible error. *People v Mays,* 407 Mich 619; 288 NW2d 207 (1980); *People v West,* 408 Mich 332; 291 NW2d 48 (1980).

However, the prosecution argues that this instruction was not erroneous at the time of defendant's 1971 trial. Indeed, *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972), was the first Michigan case to deal with this issue. In that case, the defendant contended that, by requiring unanimous agreement on his innocence of the greater charge before the jury could consider the lesser charges, the court's instruction was unduly coercive and deprived him of a fair trial. This Court agreed and

held that the instruction as "coercive, unduly restrictive and reversible". *Ray, supra,* p 50.

Since there was no Michigan case law prohibiting the instruction as given in defendant's 1971 trial, we believe that the instruction was not in error. Present case law ensures that compromise verdicts are no longer rendered impossible by unwarranted judicial interference with the method of jury deliberations, thus, such instruction will not be repeated in the event that the prosecutor chooses to try defendant again.

Defendant's final claim on appeal is that he was denied effective assistance of counsel at trial and on his first appeal. We find no errors which would support such a claim.

The decision of the circuit court is reversed. The case is remanded for entry of a judgment of conviction of manslaughter and for resentencing. If, however, the prosecution is persuaded that the ends of justice would be better served by a new trial, the trial court shall vacate the judgment of conviction and grant such a request.

Reversed and remanded.


E. C. Penzien, J. *(concurring).* I reluctantly concur that the defendant's conviction for first-degree murder must be reversed. I write separately because I do not believe that the harmless error test is inapplicable where an instruction such as that complained of in this case is given. The defense in this case was self-defense. If the jury had been properly instructed on that issue, I would have found the error to be harmless. However, I find the instruction on self-defense to be somewhat confusing on the issue of burden of proof. The somewhat confusing instruction on self-defense, in combination with the erroneous malice instruction, indi-

cates to this writer that the error in the malice instruction was not in fact harmless. However, in a proper factual situation, I believe the harmless error standard is still applicable to an erroneous malice instruction such as was given in this case. See *People v Woods,* 416 Mich 581; 331 NW2d 707 (1982).